[Civ. No. 18909. First Dist., Div. Two. Jan. 31, 1961.]

LAURENCE P. DARLINGTON, Appellant, v. BASALT ROCK COMPANY, INC. (a Corporation) et al., Respondents.

Philip Steiner and Robert K. Barber for Appellant.

Bronson, Bronson & McKinnon for Respondents.

DRAPER, J.—Does denial of a motion to vacate an order approving compromise, made after full hearing and affirmed on the merits on appeal, bar a subsequent action in equity, on the same grounds, to set aside the same order of compromise? That is the question here presented.

On September 26, 1951, when he was 17 years old, plaintiff was a passenger in an automobile driven by another minor in Napa County. That car collided with a truck of defendant Basalt Rock Company, Inc. Plaintiff suffered severe injuries to his right arm and right foot. The arm was amputated. Thereafter, on December 27, 1951, plaintiff's father sought and obtained approval by the Superior Court of Napa County of compromise of plaintiff's claim for $4,900. It is clear that

the settlement was recommended in the belief that liability could not be established.

On September 27, 1955, slightly more than five months after he became 21, plaintiff filed a motion to vacate and set aside the order approving compromise. The grounds were that plaintiff's then attorneys had not independently investigated the facts of the collision, but had negligently relied upon false representations of Basalt's agent that the facts showed no negligence of Basalt or its driver, and that the attorneys had mistakenly assumed that the injury to plaintiff's foot was not permanent in character. The order refusing to set aside the compromise was affirmed (*Darlington* v. *Basalt Rock Co., Inc.,* 157 Cal.App.2d 575 [321 P.2d 490]) in an opinion which fully reviewed the showing made to the trial court.

Two months after that appeal was taken, but before its decision, the present action was filed against Basalt, Glens Falls, its insurer, and Gallagher, an adjuster for the insurer. The earlier record had shown Gallagher to be the agent whose allegedly false representations had been asserted in the motion to vacate. The complaint alleges that the collision of 1951 was caused by the negligence of Basalt and its driver, and sets out the facts of the compromise and release. It is alleged that the then attorneys for plaintiff's father negligently failed to investigate the facts but relied upon the fraudulent representation of Gallagher, acting as agent of Glens Falls, as to facts showing a lack of liability. The allegations also suggest that the full extent of the injuries was not known by the father or the attorneys at that time. The prayer is that the order affirming compromise be vacated, the release rescinded, and that plaintiff have judgment for damages for his injuries.

Proceedings in this action were stayed pending decision on the appeal. After that decision became final, defendants moved to dismiss the present action. The motion was granted, and plaintiff appeals.

Identity of issues on the motion and in this action is plain. Plaintiff relied upon the same charges of fraud and mistake in his motion to set aside the judgment as he now asserts in this independent action in equity. It is also plain that no facts are now alleged which were not raised in the hearing on his motion. The memorandum opinion of the trial court makes plain that it was this identity of issues and facts which impelled its determination that the present action is barred by the decision on the motion.

Plaintiff, however, relies on a number of decisions which do

not involve the raising of identical issues on a motion to vacate as are presented in a subsequent action to set aside. In *Estudillo* v. *Security Loan etc. Co.*, 149 Cal. 556 [87 P. 19], the fraud asserted in the action to set aside had not been asserted in the prior motion to vacate, which was based solely on asserted lack of authority in the attorney of record. Still another case (*Antonsen* v. *Pacific Container Co.*, 48 Cal.App. 2d 535 [120 P.2d 148]) turns on the express statement that the issues on the prior motion differ from those raised in the later action. In two others (*Sternbeck* v. *Buck*, 148 Cal.App. 2d 829 [307 P.2d 970]; *Winn* v. *Torr*, 27 Cal.App.2d 623 [81 P.2d 457]) the earlier motion had been denied solely upon procedural grounds rather than on the merits. Three of the cited cases (*Baker* v. *Baker*, 217 Cal. 216 [18 P.2d 61]; *Bacon* v. *Bacon*, 150 Cal. 477 [89 P. 317]; *Sontag* v. *Denio*, 23 Cal. App.2d 319 [73 P.2d 248]) hold only that a motion to vacate is not an essential condition precedent to an action in equity. Since no motion to vacate had been made, it is obvious that no question of the operation of such a motion as a bar to a later action was either presented or decided in those cases.

One decision (*Jeffords* v. *Young*, 98 Cal.App. 400 [277 P. 163] is in something of a twilight zone. The motion there made had been denied upon the ground that it was not supported by affidavits. Denial of that order had been affirmed on appeal (*Jeffords* v. *Young*, 197 Cal. 224 [239 P. 1054]), although the Supreme Court had noted that a renewal of the motion had been made, supported by affidavits on which the trial court "might well have granted" the motion. However, the second motion had been denied, and, not being appealed from, the ruling therein could not be reviewed on that appeal. Demurrer to a later complaint in equity was sustained. The District Court of Appeal reversed the ensuing judgment, holding that the prior motions were not a bar. However, neither that opinion nor the opinion of the Supreme Court show that the grounds asserted in that action were the same as those raised in the second motion. Since this element does not appear on the face of the opinion, it cannot be said that Jeffords squarely decides that an adverse ruling on a motion to vacate does not bar a later action in equity based upon precisely the same grounds.

Defendants rely upon two decisions (*Carp* v. *Carp*, 94 Cal. App. 657, 658 [271 P. 575]; *Bartholomew* v. *Bartholomew*, 56 Cal.App.2d 216, 227-228 [132 P.2d 297]) which say that denial of a motion to vacate is a bar to a later action in equity.

But both are somewhat questionable in that each cites but one authority (*Lake* v. *Bonynge*, 161 Cal. 120 [118 P. 535]) which contains language to the above effect (p. 129) but which also makes statements (pp. 131-132) indicating that the true ground of decision is that the attack there considered was indirect.

In the case at bar, both the attack by motion and that by the present action are direct, alleging extrinsic fraud. The question before us is whether adverse decision upon the first such attack bars the second.

We find significant the language of the cases above cited which emphasizes that the motion is not a bar when it fails to raise the same grounds urged in the later action. Equally significant seems the language of some of the cases (see *Estudillo* v. *Security Loan etc. Co., supra*, p. 564) pointing out that proof upon a motion is restricted since the trial court may limit that proof to affidavits.

In the case at bar, as we have pointed out, there can be no question that the grounds urged on the motion are the same as those now advanced. The transcript of proceedings upon the motion is properly before us by stipulation made at oral argument. We have reviewed that record in detail. It reveals that the judge hearing the motion repeatedly made clear that he was not restricting plaintiff to affidavits. He urged plaintiff's counsel to produce anything that they felt necessary. He emphasized his concern and interest in assuring that he had not erroneously foreclosed any rights of the minor at the time of hearing the petition for compromise. The attorney who had represented plaintiff at the time of the compromise was interrogated by the court and both counsel. Although he was not sworn as a witness, defendant's counsel specifically waived the oath and plaintiff's counsel, although not directly doing so, apparently joined in the waiver by voluntarily questioning the attorney witness. The hearing covered a major portion of a court day.

From the record of that hearing it is apparent that the attorney retained by plaintiff's father after the accident did not rely upon representations of the claims adjuster. Rather, he himself interviewed disinterested witnesses to the collision. From their statements he could and did conclude that the car in which plaintiff was riding stopped at a stop sign restricting entrance to a freeway. After having been stopped for a period, the car suddenly entered the freeway, directly in the path of the Basalt truck whose driver had no opportunity to

avoid the collision. The record also makes clear that the petition for compromise was based wholly upon lack of evidence of liability, and not upon any view that the offered settlement was adequate if liability could be established.

This issue having been fully litigated and determined by the Napa County court on the motion to vacate, it was well within the function of the trial judge in the present action to determine that reasonable policy barred further trial of the same issue.

We recognize fully that the mere fact that issues might have been raised on the motion does not bar presentation of those issues in a later action if in fact they were not presented on the motion. Nor do we decide that the mere presentation of issues by affidavits supporting a motion is a bar to the later action, if the opportunity to present evidence was withheld in the discretion of the court to which the motion was made. We do hold that detailed presentation of the issues of fraud and mistake on a motion to vacate, with full opportunity at hearing to develop the issues by oral testimony, may bar a subsequent action to set aside the order attacked by the earlier motion.

The parties have raised no question as to the propriety of the means here chosen to raise the issue that this action is barred by the Napa court's order refusing to vacate the compromise. The ''speaking motion'' condemned in *Pianka* v. *State*, 46 Cal.2d 208 [293 P.2d 458], may now find a limited statutory authorization in Code of Civil Procedure, section 435 (see *Lincoln* v. *Didak*, 162 Cal.App.2d 625 [328 P.2d 498]). Here, however, the fact of the release is pleaded in the complaint and denial of the motion to vacate the compromise was admitted on the motion to stay this action pending determination of the prior appeal and also on this motion. While separate trial of the issue (Code Civ. Proc., § 597) seems a preferable method of determination, we accept the implied agreement of counsel, both in the trial court and here, that the problem is properly presented by the motion to dismiss. No prejudice appears (see *Olwell* v. *Hopkins*, 28 Cal.2d 147 [168 P.2d 972]).

Judgment affirmed.

Kaufman, P. J., and Shoemaker, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied March 29, 1961. Peters, J., was of the opinion that the petition should be granted.