[Civ. No. 25320. Second Dist., Div. Three. Feb. 13, 1962.]

MARGARET ROSS, Plaintiff and Respondent, v. SAM ROSS, Defendant and Appellant.

Nick N. Mrakich for Defendant and Appellant.

Goodman & Hirschberg for Plaintiff and Respondent.

SHINN, P. J.—This is an appeal by defendant husband from an order granting the motion of plaintiff wife for an order vacating an order vacating her final decree of divorce which had previously been granted upon motion of the husband. The appeal is not meritorious and the order must be affirmed.

Upon the hearing which resulted in the order from which the appeal is taken, the court had before it the following facts: March 27, 1938, the parties intermarried; August 23, 1955, the wife was granted an interlocutory decree of divorce upon the ground of extreme cruelty; October 17, 1956, a final decree was entered; June 13, 1959, plaintiff married one Edward Lane; October 2, 1959, on motion of the husband the final

decree was vacated; October 7, 1959, the wife gave notice of a motion under section 473, Code of Civil Procedure, to vacate the order of October 2, 1959, for lack of notice; after a hearing on November 30, 1959, a minute order was entered reading "The court now gives its decision in accordance with the memorandum opinion filed herein this date." This memorandum read in part "Findings of Fact" and "Conclusions of Law" but it contained no ruling on the motion or direction for entry of an order by the clerk. August 1, 1960, the minute order of November 30 was corrected *nunc pro tunc* to read "Motion of plaintiff to vacate order vacating final judgment of divorce is granted." This is the order from which the appeal was taken September 23, 1960.

It is urged by plaintiff that the appeal was taken too late; that it should have been from the minute order of November 30, and should be dismissed. The point is not well taken. The only effective order granting plaintiff's motion was the one made August 1, 1960.

The memorandum amounted only to a statement of what the court proposed to have included in formal findings and conclusions to be prepared by counsel and it was of no more significance as a decision of the issues than some of the observations made by the court during the trial with respect to the evidence. Findings and conclusions have no place in the decision of a motion. (*Waymire* v. *California Trona Co.*, 176 Cal. 395, 399-400 [168 P. 563]; *Parker* v. *Parker*, 107 Cal.App.2d 215 [236 P.2d 828].)

The order which vacated the final decree was based upon the affidavit of the husband which purported to show that there had been a reconciliation between himself and plaintiff prior to the entry of the final decree, and upon the ground that the wife's affidavit to the contrary upon her application for the final decree constituted a fraud upon the court. In the final hearing plaintiff and her mother testified; defendant introduced into evidence his affidavit filed upon the application to vacate the decree, and he also testified briefly.

The rule applicable to the present appeal is the following: in reviewing an order granting or denying a motion it must be presumed that the trial court found the existence of all facts which had substantial support in the evidence and which were necessary as a foundation for the order. (*Estate of Shaw*, 85 Cal.App. 518 [260 P. 351]; *Reid* v. *Valley Restaurants, Inc.*, 48 Cal.2d 606 [311 P.2d 473].) The application of this rule to the evidence requires an affirmance of the order.

At the time of the divorce the parties owned a small residence property, household furniture and two automobiles. By the decree each party received an automobile, and it was ordered that the home and contents be sold and the proceeds equally divided. The property was not sold, but was occupied by the parties and plaintiff's mother until plaintiff left shortly before her remarriage.

Defendant's affidavit filed with his motion stated that after the interlocutory, and until May 13, 1959, "your affiant and the plaintiff resided together as husband and wife," that affiant had been supporting plaintiff; that they "have cohabited in Nevada" and that plaintiff held out defendant as her husband. It was also averred that in 1957 and 1958 plaintiff signed joint income tax returns as the wife of defendant. It was not alleged in the affidavit, nor was it stated in the testimony of defendant, that the wife ever promised to abandon her suit for divorce, that the parties ever agreed to disregard the divorce proceedings, or to become reconciled and live together in a normal marital relationship. In view of the court's implied finding that there was no reconciliation, it is unnecessary to express an opinion as to the sufficiency of defendant's meagre affidavit as support for the order vacating the final decree.

The evidence of plaintiff and her mother was that after the interlocutory decree was granted they slept together in the bedroom and defendant slept by himself in the den. Admittedly, plaintiff visited defendant on a couple of occasions while he was in Reno, and upon one occasion went to Las Vegas to visit him, but she testified that she accompanied him only because of his insistence and her great fear of him. She testified that upon these occasions they occupied separate beds and that upon no occasion had they had any sexual relations after the interlocutory decree. Following the granting of the interlocutory plaintiff opened a beauty shop and maintained her own bank account. She testified that she lived in great fear of her husband and that he threatened to kill her if she left the home; when she left temporarily on two occasions he broke up her beauty shop and broke down the door of her motel room. There was ample evidence to support the court's implied finding that there was no reconciliation.

Defendant asserted in his affidavit, and testified, that he had no knowledge of the entry of the final decree until shortly before he made his motion. Plaintiff testified that she informed him of the final decree a few days after it was

entered. The court believed her. Defendant argues that the court should have believed his testimony in all respects rather than that of plaintiff. This is the sole ground urged for reversal of the order. The testimony of plaintiff with respect to defendant's knowledge of the entry of the decree fully supports the court's implied finding of that fact.

 In view of the implied finding of defendant's knowledge of entry of the decree, defendant clearly was guilty of laches. With knowledge of that fact he delayed for almost three years, and until he learned of his wife's remarriage, to move the court to vacate the decree. Under the rules stated and authorities cited in *Heathman* v. *Vant*, 172 Cal.App.2d 639, 649 [343 P.2d 104], the court could not properly have refused to grant plaintiff's motion upon the ground of laches of defendant.

 When an appellant ignores the rule that findings based upon substantial evidence cannot be disturbed, and has nothing to offer except an argument on the weight of the evidence and the credibility of witnesses, the appeal must be branded as frivolous.

The order is affirmed. A penalty of $300 is imposed upon defendant as additional costs for a frivolous appeal.

· Ford, J., and Frampton, J. pro tem.,* concurred.

—

*Assigned by Chairman of Judicial Council.