[Civ. No. 25624.   Second Dist., Div. Four.   Feb. 26, 1962.]

ZELLETA M. ROSE et al., Plaintiffs and Respondents, v. MARY ALLEN FUQUA et al., Defendants and Appellants.

*Assigned by Chairman of Judicial Council.

Wiener & Wiener and Albert C. Mour for Defendants and Appellants.

A. Brigham Rose for Plaintiffs and Respondents.

BURKE, P. J.—This is an action in equity to set aside a judgment rendered in *Fuqua* v. *Rose*, and affirmed by the District Court of Appeal at 180 Cal.App.2d 590 [4 Cal.Rptr. 573], upon the ground of fraud. Judgment was for plaintiffs and defendants appeal.

■■ The sole question for our determination is: Where a motion to vacate a default under Code of Civil Procedure section 473 is denied, the trial court having before it defendants' affidavit claiming that plaintiffs' attorney had granted an extension of time in which to answer the complaint and plaintiffs' affidavit denying having done so, may an independent action in equity be instituted to set aside such default judgment?

The essential facts are as follows:

On November 20, 1958, Mary Allen Fuqua and Ernest Austin Fuqua, appellants herein, filed an action for breach of contract against Zelleta M. Rose and A. Brigham Rose, respondents herein. After personal service was obtained, and respondents having failed to enter an appearance within the statutory time, a default was filed by counsel for appellants. Respondents then filed a notice of motion to set aside the default and for granting of leave to answer the complaint. The affidavit accompanying the notice of motion set forth respondents' allegations regarding the circumstances under which the default was obtained. An affidavit was filed by counsel for appellants in opposition to the motion.

Respondents' motion to vacate the default was heard upon affidavits and was denied without prejudice on February 11, 1959.

Appellants then proceeded to have the matter heard as a default matter and on February 17, 1959, after evidence having been taken, judgment was rendered in favor of appellants. Subsequently, on February 19, respondents filed another notice of motion to vacate the default and also filed additional affidavits. (Apparently they were unaware of the fact that judgment had already been entered against them.) The second motion was also denied.

The grounds upon which each motion was based were set forth in an affidavit of respondent A. Brigham Rose. In his

first affidavit he averred that in a conversation with one of appellants' attorneys respondent explained that he had come into Los Angeles for the purpose of communicating with the persons actually and directly involved in the matter and that he therefore wanted time in which to plead to this action and, if necessary, to bring in the parties directly involved. It was further averred that appellants' attorney specifically and unequivocally advised respondent Rose that he would not require respondents to plead until due and proper notice was served demanding such pleading after said conversation. It was averred that respondent Rose believed and relied upon such promise.

Appellants' attorney filed an affidavit in which he stated that respondent Rose telephoned him on December 30, 1958, stating that he had come to Los Angeles from San Diego to arrange to have a Mr. Somers, to whom respondents had sold a hotel, pay directly to the appellants the accrued delinquent monthly payments; that Somers' property had been attached and his monthly contract payments had been tied up; that respondent Rose asked appellants' attorney if he was interested in making a settlement and reinstating the monthly payments; that appellants' attorney stated he would be agreeable to listen to any proposed offer of settlement and thereafter take it up with his clients; that respondent Rose further stated that an answer was due in the action within a few days and appellants' attorney replied that he knew this; that respondent Rose then stated he would contact Mr. Somers the following day and would thereupon call appellants' attorney, or immediately after the first of the new year; that appellants' attorney entered the default January 6, 1959, and did not hear from respondent Rose again until January 27, 1959.

The affidavit of respondent Rose filed February 19, 1959, contained additional facts as justification for his relying upon the promise of appellants' attorney as alleged. These additional facts were that he had an action pending for three months which he had instituted for the purpose of having it determined whether other persons were obligated to make the payments to appellants and that he delayed pleading in the present action because he was considering bringing in the other persons as parties. In opposition to the second motion appellants' attorney filed a duplicate of his first affidavit.

The apparent purpose of the trial court in denying the first motion without prejudice was to enable respondents to make some further showing. Approximately a week later respond-

ents gave notice of another motion but in the meantime, without their knowledge, appellants had proceeded to judgment on the default judgment calendar. Thereafter, respondents appealed to the District Court of Appeal which affirmed the order and judgment.

On October 3, 1960, respondents instituted the present action praying that the aforesaid judgment be vacated. The basic contention was that the judgment was procured by extrinsic fraud which consisted of the granting of the oral extension of time to appear on December 30, 1958, followed by the taking of a default in violation thereof, as set forth above. Subsequently, an amended complaint was filed which set forth the same basic contentions. Appellants' answer, in addition to denials of certain allegations of the first amended complaint, pleaded res judicata as an affirmative defense. Trial was had without a jury and judgment was rendered in favor of respondents ordering that the judgment in *Fuqua* v. *Rose* be vacated.

Notice of appeal was filed on April 7, 1961, and on May 8, 1961, appellant Mary Allen Fuqua died. Thereafter, on August 2, 1961, Ernest Austin Fuqua was appointed executor of the estate of said decedent and has been substituted as appellant in said representative capacity by order of the Superior Court of Los Angeles County. On September 1, 1961, this court substituted Ernest Austin Fuqua, executor, as appellant.

Appellants contend that the denial of respondents' motion under Code of Civil Procedure section 473 is res judicata as to any subsequent independent action in equity. They rely upon the recent case of *Darlington* v. *Basalt Rock Co.*, 188 Cal.App.2d 706 [10 Cal.Rptr. 556], wherein it was held that an equitable action to set aside an order approving compromise of a minor's disputed claim was barred by prior denial of a motion to vacate the same order made on precisely the same grounds. The prior denial was made after a full hearing which included the taking of oral testimony as well as the consideration of affidavits. The prior denial was affirmed on appeal. The court said at page 707:

"Identity of issues on the motion and in this action is plain. Plaintiff relied upon the same charges of fraud and mistake in his motion to set aside the judgment as he now asserts in this independent action in equity. It is also plain that no facts are now alleged which were not raised in the hearing on his motion. The memorandum opinion of the trial

court makes plain that it was this identity of issues and facts which impelled its determination that the present action is barred by the decision on the motion.''

Continuing its discussion the court in the *Darlington* case (*Darlington* v. *Basalt Rock Co., supra,* 188 Cal.App.2d 706) noted the distinguishing facts before it (at p. 709):

"In the case at bar, both the attack by motion and that by the present action are direct, alleging extrinsic fraud. The question before us is whether adverse decision upon the first such attack bars the second.

"We find significant the language of the cases above cited which emphasizes that the motion is not a bar when it fails to raise the same grounds urged in the later action. Equally significant seems the language of some of the cases [citation] pointing out that proof upon a motion is restricted since the trial court may limit that proof to affidavits.

"In the case at bar, as we have pointed out, there can be no question that the grounds urged on the motion are the same as those now advanced. The transcript of proceedings upon the motion is properly before us by stipulation made at oral argument. We have reviewed that record in detail. It reveals that the judge hearing the motion repeatedly made clear that he was not restricting plaintiff to affidavits. He urged plaintiff's counsel to produce anything that they felt necessary. He emphasized his concern and interest in assuring that he had not erroneously foreclosed any rights of the minor at the time of hearing the petition for compromise. The attorney who had represented plaintiff at the time of the compromise was interrogated by the court and both counsel. Although he was not sworn as a witness, defendant's counsel specifically waived the oath and plaintiff's counsel, although not directly doing so, apparently joined in the waiver by voluntarily questioning the attorney witness. The hearing covered a major portion of a court day.''

Finally, in setting out the rule of the case, the court pointed out that the trial of an issue on a motion must be as comprehensive as the trial of the same issue in a suit if the former is to bar the latter (*Darlington* v. *Basalt Rock Co., supra,* 188 Cal.App.2d at p. 710):

"We recognize fully that the mere fact that issues might have been raised on the motion does not bar presentation of those issues in a later action if in fact they were not presented on the motion. Nor do we decide that the mere presentation of issues by affidavits supporting a motion is a bar to the later

action, if the opportunity to present evidence was withheld in the discretion of the court to which the motion was made. We do hold that detailed presentation of the issues of fraud and mistake on a motion to vacate, with full opportunity at hearing to develop the issues by oral testimony, may bar a subsequent action to set aside the order attacked by the earlier motion.''

(See also *Sarten* v. *Pomatto,* 192 Cal.App.2d 288, 300 [13 Cal.Rptr. 588].)

After a careful consideration of the facts in the instant case, and comparing them to those of *Darlington* v. *Basalt Rock Co.,* *supra,* 188 Cal.App.2d 706, we are unable to say that respondents made a detailed presentation of the issues of fraud and mistake on their motions to vacate, nor can it be said that they had a full opportunity at the time of the hearings to develop the issues by oral testimony. The record before us discloses nothing more than the fact the motions to vacate the default were heard upon affidavits. This does not afford opportunity for cross-examination of witnesses nor does the judge have the opportunity to see and hear the witnesses which is so necessary in a case of direct conflict in testimony.

Consequently, respondents' motions to vacate cannot bar their equitable action to set aside the order attacked by the earlier motions. The remedies for relief from a judgment procured by fraud, mistake or excusable neglect, provided by section 473 of the Code of Civil Procedure, and the ordinary suit in equity, are entirely distinct and cumulative. (*Jeffords* v. *Young,* 98 Cal.App. 400, 406-407 [277 P. 163].)

The judgment of the trial court is affirmed.

Jefferson, J., concurred.

Balthis, J., deeming himself disqualified, did not participate in the foregoing decision.

A petition for a rehearing was denied March 13, 1962, and appellants' petition for a hearing by the Supreme Court was denied April 25, 1962.