[Civ. No. 25368.   Second Dist., Div. Three.   Mar. 22, 1962.]

MARTHA F. SKOULAND, Plaintiff and Appellant, v. ELIZABETH SKOULAND, as Administratrix, etc., Defendant and Respondent.

Emmett E. Patten and Glen A. Duke for Plaintiff and Appellant.

Nichols, Stead, Boileau & Lamb and R. G. Lamb for Defendant and Respondent.

FILES, J.—This is an appeal from an order denying a motion to set aside a final judgment of divorce. The motion was made by plaintiff upon the ground that the defendant had obtained the judgment through extrinsic fraud after the parties had reconciled.

The record shows that after the final judgment was entered defendant married Elizabeth Buckendorff, and within four months thereafter he died. Elizabeth was appointed as administratrix, and appears in that capacity as respondent on this appeal. When plaintiff's motion to set aside the judgment came on for hearing Elizabeth's attorney appeared in opposition. The record does not show that she was ever substituted as a party defendant or that she made any other formal appearance in the action in the superior court. No point has been made of this by either party and this court will therefore assume, for the purpose of this appeal, that the administratrix was duly substituted for the decedent and is properly appearing here as respondent on this appeal.

Elizabeth submitted affidavits which conflicted with the affidavit of the moving party. When the motion came on for hearing plaintiff asked leave to put on oral testimony, but the court declined to hear witnesses. Plaintiff contends that she was denied a fair hearing.

Motions are normally heard on affidavits alone. (*Beckett* v. *Kaynar Mfg. Co.*, 49 Cal.2d 695, 698 [321 P.2d 749].) While oral testimony may be received in the discretion of the court, it is ordinarily proper to decide on the affidavits alone. (*Muller* v. *Muller*, 141 Cal.App.2d 722, 731 [297 P.2d 789].)

A judgment procured by extrinsic fraud may be attacked either by a motion in the same action or by an independent action in a court having equity jurisdiction. Having in mind the availability of the alternate remedy, courts have commented upon the impracticability of trying the issue of fraud upon affidavits. (See *Estudillo* v. *Security Loan etc. Co.*, 149 Cal. 556, 564 [87 P. 19]; *Cowan* v. *Cowan*, 72 Cal.App.2d 868, 872 [166 P.2d 21]; *Rose* v. *Fuqua*, 200 Cal.App.2d 719 [19 Cal.Rptr. 634].)

Where, as here, there was a conflict in the affidavits, where one of the two parties to the transaction is deceased, and where the claimed rights of a second wife to succeed to

property were at stake, we cannot say that the court abused its discretion in declining to consider setting aside the judgment on affidavits alone.

■ It is clear from the transcript that the trial court did not hear and decide the questions of whether there had been a reconciliation and whether there had been extrinsic fraud. Hence the order appealed from will not be res judicata of an independent suit in equity. (*Rose* v. *Fuqua,* 200 Cal. App.2d 719 [19 Cal.Rptr. 634]; *Sarten* v. *Pomatto,* 192 Cal. App.2d 288, 300 [13 Cal.Rptr. 588]; see *Darlington* v. *Basalt Rock Co.,* 188 Cal.App.2d 706, 710 [10 Cal.Rptr. 556].)

■ The record here shows that at the request of the administratrix' attorney the trial court signed formal findings of fact reciting that there had been no reconciliation. Findings have no place in the decision of a motion and may be disregarded. (*Ross* v. *Ross,* 200 Cal.App.2d 229, 231 [19 Cal.Rptr. 271].) More important, in this case the record shows that the judge did not weigh the conflicting affidavits on the issue of reconciliation, but placed his refusal to act upon other grounds.

The notice of appeal refers to "the judgment and order" of September 28, 1960. This is an obvious inadvertence. The action of the court on September 28, 1960, was an order and not a judgment.

The order is affirmed.

Shinn, P. J., and Ford, J., concurred.