[Civ. No. 26451. Second Dist., Div. Three. Aug. 5, 1963.]

DONALD W. BLACKBURN, Plaintiff and Respondent, v. LEATHA O. BLACKBURN, Defendant and Appellant.

Richard A. Klein and A. A. Goldstone for Defendant and Appellant.

Svenson & Garvin and Harold W. Svenson for Plaintiff and Respondent.

FILES, J.—■■ Plaintiff obtained an interlocutory judgment of divorce against defendant by default. The terms of the judgment were based upon a property settlement agreement which had been signed by both parties. More than six months after the entry of default, defendant made a motion to set aside the judgment upon the ground that it had been obtained by extrinsic fraud. This motion was supported by an affidavit of the defendant wherein she asserted that the plaintiff had deceived her as to the nature and value of his assets. Her affidavit listed a number of items of property which she said were community property which had been concealed from her. Plaintiff filed a counteraffidavit denying that he had misled defendant and denying that he had had any interest in the properties specifically mentioned in defendant's affidavit.

The motion was submitted upon the two affidavits, after which the court made its order, "Motion denied without prejudice." Defendant has appealed from that order.

■■ A judgment procured by extrinsic fraud may be attacked either by a motion in the same action or by an independent action. ■■ The denial of a motion to set aside the judgment will not bar a subsequent action for the same purpose if it appears that the motion was not heard and denied on the merits. (*Rose* v. *Fuqua*, 200 Cal.App.2d 719 [19 Cal.Rptr. 634]; *Sarten* v. *Pomatto*, 192 Cal.App.2d 288, 300 [13 Cal.Rptr. 588].) Here the trial court made it clear that the issue would remain open when it denied the motion "without prejudice."

■■ The ruling was a proper exercise of the court's discretion. The impracticability of trying the issue of fraud upon affidavits is a factor which the trial court was entitled to consider. (See *Skouland* v. *Skouland*, 201 Cal.App.2d 677 [20 Cal.Rptr. 185].) The record here illustrates the difficulty of attempting to prove fraud on a motion. Defendant's affidavit was to a large extent a statement of her conclusions. It was not competent evidence that there actually were any assets other than those disclosed in the settlement agreement. Now that her motion has been disposed of "with-

out prejudice," the way is open for her to attempt to prove the fraud by competent evidence, if such evidence exists.

The order is affirmed.

Shinn, P. J., and Ford, J., concurred.