[Civ. No. 43678. Second Dist., Div. One. May 24, 1974.]

LISETTE LOU REIFLER, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
DONALD I. REIFLER, Real Party in Interest.

## COUNSEL

Aaron L. Lincoff for Petitioner.

John H. Larson, County Counsel and Dwight V. Nelsen, Deputy County Counsel, for Respondent.

No appearance for Real Party in Interest.

## OPINION

**THOMPSON, J.**—In this petition for writ of mandate, we consider: (1) the power of the trial court to require that issues arising in postjudgment proceedings in marital dissolution matters be submitted upon affidavits or declarations,[1] excluding testimonial evidence; and (2) the validity of an unwritten trial court "policy" requiring that such a procedure be employed. We conclude that to the extent the postjudgment proceedings arise on motion as that term is defined in Code of Civil Procedure section 1003, the trial court is vested with discretion to exclude oral testimony and require submission upon declarations. We conclude also that the discretion is one which must be exercised by the trial judge and that a general court "policy" may not be substituted for exercise of discretion.

The facts governing the proceedings at bench are established by the uncontroverted allegations of the petition for writ of mandate as amplified by the trial court file. The marriage of petitioner (Wife) and respondent

---

[1] We use the terms "affidavit" and "declaration" interchangeably in this opinion. (Code Civ. Proc., § 2015.5.)

(Husband) was dissolved by an interlocutory judgment of dissolution of marriage entered on April 17, 1972, a final judgment terminating marital status entered May 22, 1972, and a judgment "upon reserved issues after judgment dissolving the status of marriage" entered March 1, 1973. The judgment awarded Wife spousal support of $700 per month and child support of $550 per month for each of two children. Thirty days later, Husband instituted an order to show cause seeking to terminate spousal support and to reduce child support. The court reduced Husband's spousal support obligation to $400 per month and his child support obligation to $200 per month per child.

On August 16, 1973, Husband again initiated an order to show cause seeking to be relieved of spousal support and to reduce his child support obligation to $100 per month per child. On September 18, 1973, Husband filed and served a notice of "Motion To Transfer A Liquid Asset (Cash) To [Wife] in Lieu of Support for the Period Sept. 15th, 1973-Nov. 30th." That motion sought a court order requiring that a sum due Husband on liquidation of a partnership held in trust by counsel be transferred to Wife in payment of Husband's obligations per the judgment as modified. Wife filed declarations in opposition to the order to show cause and notice of motion. She countered further with a notice of motion to strike portions of Husband's declaration, a notice of motion for an order requiring Husband to pay attorney's fees and costs, an order to show cause seeking an increase in spousal and child support, a notice of motion for the appointment of a receiver and to require Husband to post security to pay counsel fees directly to Wife's attorney and to pay costs, and an order to show cause seeking to hold Husband in contempt for failure to comply with the judgment.

After several continuances, the group of motions and orders to show cause were set for hearing on January 14, 1974. Counsel for Wife estimated that the hearings would consume approximately three days. The trial judge responded: "I have discussed this time estimate with the Family Law Department [of the Los Angeles Superior Court] downtown. It has been indicated to me by Judge Ryburn that it is the policy when Orders to Show Cause will exceed a day's time estimate that the court may and should under those circumstances grant a continuance but order that the matter be submitted on the moving papers. I have, of course, serious doubts as to whether or not the court should preclude cross-examination in such a fashion; therefore, I have come to the conclusion that counsel has the option of either limiting the Order to Show Cause to a one day hearing or having the matter submitted on the moving papers with a continuance . . . ." Counsel for Wife objected to the pro-

cedure, stating that it was necessary for him to produce testimony to establish that Husband had secreted assets and also necessary to produce oral testimony on the OSC re Husband's alleged contempt. The trial court reaffirmed its ruling inviting Wife's counsel to test the ruling by an application for writ of mandate to this court. Counsel accepted the invitation and filed his petition with us. We issued our alternative writ of mandate.

In her petition, Wife contends that: (1) hearing of the pending matters on declaration is improper because they involve controverted issues of fact which are not preliminary or ancillary to "the real controversy"; and (2) the trial court jurisdictionally erred in failing to exercise a discretion granted it by statute to determine whether oral testimony should be received or the matters submitted on declaration.

With the exception of the order to show cause re contempt, the trial court was vested with discretion to allow or exclude oral testimony in amplification or impeachment of the declarations filed by the parties.

█ Code of Civil Procedure section 2009 states: "An affidavit may be used to verify a pleading . . ., to prove the service of a summons, notice, or other paper in an action or special proceeding, to obtain a provisional remedy . . ., or upon a motion. . . ." Section 2009 is construed as empowering the trial court to determine motions upon declarations alone and to allow the court discretion to refuse oral testimony. (*Beckett* v. *Kaynar Mfg. Co., Inc.,* 49 Cal.2d 695, 698, fn. 3 [321 P.2d 749]; *Crocker Citizens Nat. Bank* v. *Knapp,* 251 Cal.App.2d 875, 880 [60 Cal.Rptr. 66]; *Skouland* v. *Skouland,* 201 Cal.App.2d 677, 678 [20 Cal.Rptr. 185]; *Pari-Mutuel etc. Guild* v. *L. A. Turf Club,* 169 Cal.App. 2d 571, 582 [337 P.2d 575].)

A motion is defined in Code of Civil Procedure section 1003. That section states: "Every direction of a court or judge, made or entered in writing, and not included in a judgment, is denominated an order. An application for an order is a motion." █ "An order to show cause is a notice of motion and a citation to the party to appear at a stated time and place to show cause why a motion should not be granted." (*Difani* v. *Riverside County Oil Co.,* 201 Cal. 210, 213-214 [256 P. 210], cited with approval in *Green* v. *Gordon,* 39 Cal.2d 230, 232 [246 P.2d 38].)

█ Here, with the exception of the order to show cause re contempt issued at the instance of Wife, all of the proceedings before the trial court were directed toward obtaining a written direction from the trial judge not included in a judgment. Some, such as Wife's motion to strike portions of

declarations, were purely procedural. Others, such as those seeking modification of the judgment and attorney's fees and costs, pertained to directions after judgment and not included within it. Wife's application for appointment of a receiver not only sought such a direction from the court but also a provisional remedy, a procedure in addition to a motion specifically mentioned in Code of Civil Procedure section 2009. As to those matters, compelling precedent supports the power of the trial court to hear the issue on declarations alone and to exclude oral testimony in the sound exercise of its discretion.

Citing cases such as *Lacrabere* v. *Wise,* 141 Cal. 554, 556-557 [75 P. 185], Wife argues that the trial court has no discretion to exclude oral testimony where the subject of the motion involves controverted facts on an issue other than procedure. The argument overstates the breadth of the rule of *Lacrabere* and decisions employing it. Those cases hold only that an affidavit is not admissible to prove a fact necessary to a judgment. They do not concern controversies involved in securing an order as defined in Code of Civil Procedure section 1003. Conversely, the exclusion of oral testimony and determination of controverted facts upon declarations alone has been approved in proceedings on motions to set aside a judgment for extrinsic fraud (*Skouland* v. *Skouland, supra,* 201 Cal.App.2d 677), to quash service of summons (*Fuller* v. *Lindenbaum,* 29 Cal.App.2d 227 [84 P.2d 155]; *Atkins, Kroll & Co.* v. *Broadway Lbr. Co.,* 222 Cal.App. 2d 646 [35 Cal.Rptr. 385, 12 A.L.R.3d 880]), to set aside a default or judgment pursuant to Code of Civil Procedure section 473 or for lack of jurisdiction (*Estate of Seaman,* 51 Cal.App. 409 [196 P. 928]; *Muller* v. *Muller,* 141 Cal.App.2d 722 [297 P.2d 789]), to satisfy judgment and quash a writ of execution (*Crocker Citizens Nat. Bank* v. *Knapp, supra,* 251 Cal.App.2d 875), to confirm an arbitration award (*Beckett* v. *Kaynar Mfg. Co., Inc., supra,* 49 Cal.2d 695), for an injunction or for a change of venue (*Atkins, Kroll & Co.* v. *Broadway Lbr. Co., supra,* 222 Cal.App. 2d 646), and to establish compliance with a judgment's condition precedent to secure a writ of execution pursuant to its terms. (*Wagner* v. *Shapona,* 123 Cal.App.2d 451 [267 P.2d 378].)

The order to show cause re contempt is of a different character. Code of Civil Procedure section 1217 specifically provides that in matters of indirect contempt the court may examine witnesses for and against the alleged contemner. Code of Civil Procedure section 1218 requires that if a person is found guilty of contempt, that finding must be incorporated in a judgment. Hence a contempt proceeding is one where oral testimony is permitted by statute and one which culminates in its own judgment rather than in a direction of the court other than a judgment. For those

reasons, neither section 1003 nor 2009 of the Code of Civil Procedure is applicable.

Respondent court argues that Wife lacks standing to assert error of the trial court in refusing to receive testimony of Husband's alleged contempt because Husband acquiesced in trial of the matter on declaration. That argument ignores the proposition that an indirect civil contempt is an action to protect the rights of a party to the litigation, here Wife, and not simply a proceeding to preserve the power of the court. (*In re Farr,* 36 Cal.App.3d 577 [111 Cal.Rptr. 649].)

■ Thus we conclude that except for the proceedings on the order to show cause re Husband's alleged contempt, the trial court was empowered to hear the matters before it upon declarations and to exclude oral testimony. That, however, is not the end of the matter. The trial court, while empowered to exclude oral testimony, also is vested with discretion to receive it. (*Skouland* v. *Skouland, supra,* 201 Cal.App.2d 677, 678; *Pari-Mutuel etc. Guild* v. *L. A. Turf Club, supra,* 169 Cal.App. 2d 571, 582; *Perez* v. *Perez,* 111 Cal.App.2d 827, 828-829 [245 P.2d 344].) There are situations in which the trial judge, in the exercise of that discretion, properly should hear testimony or permit cross-examination of a declarant. (See e.g., *Macmorris Sales Corp.* v. *Kozak,* 249 Cal.App. 2d 998, 1003-1004 [58 Cal.Rptr. 92].) Here the trial court refused to exercise the discretion vested in it by law. Rather, it relied upon a "policy" purportedly precluding the use of oral testimony in family law matters estimated to consume more than one day in hearing. That policy is not a court rule. It is not founded upon a universally rational basis for excluding oral testimony since extended time of hearing cannot be said always to be a reason why motions should be determined upon declarations alone. The "policy" must be viewed as a general but flexible standard which reminds judges of a large court of the existence of a valuable discretion which they should exercise in the interest of uniformity of procedure, expedition of court business, and justice to the parties. It is not to be treated as a substitute for the discretion vested by law in the individual trial judge.

The trial court having refused to exercise a discretion which the law requires it to employ, the matter must be remanded to it for that purpose. The trial court having refused to hear oral testimony on an order to show cause re contempt, it is directed to do so.

Let a peremptory writ of mandate issue remanding the matter to the trial court for proceedings consistent with this opinion.

Wood, P. J., and Hanson, J., concurred.