Filed 12/2/21  Reddy v. National University CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| LAKSHMI REDDY, | |
| Plaintiff and Appellant, | E075425 |
| v. | (Super.Ct.No. CIVDS1603294) |
| NATIONAL UNIVERSITY, | OPINION |
| Defendant and Respondent. | |

APPEAL from the Superior Court of San Bernardino County.  David Cohn, Judge.

Reversed.

David L. Prince and Miles L. Prince for Plaintiff and Appellant.

Ogletree, Deakins, Nash, Smoak & Stewart, Spencer C. Skeen, Jack S. Sholkoff

and Jennifer M. Hendricks for Defendant and Respondent.

1

## I. INTRODUCTION

Plaintiff and appellant Lakshmi Reddy appeals from (1) the judgment dismissing her complaint in this action, based on her former counsel's failure to pursue the court-ordered arbitration of her wrongful termination, other employment-, and breach-of-contract-related claims against defendant and respondent National University (NU) (Code Civ. Proc., § 1281.2),[1] and (2) the postjudgment order denying her motion to set aside the judgment of dismissal, based on her former counsel's failure to pursue the arbitration.  (§ 473, subd. (b).)  We reverse the judgment dismissing Reddy's action. Thus, whether the trial court erroneously denied Reddy's postjudgment motion to set aside the judgment of dismissal (*ibid.*) is moot, and we do not address the merits of that motion.

As we explain, the trial court acted in excess of its jurisdiction, or its statutory authority, in dismissing Reddy's action against NU.  (*Blake v. Ecker* (2001) 93 Cal.App.4th 728, 737-738 (*Blake*), disapproved on other grounds in *Le Francois v. Goel* (2005) 35 Cal.4th 1094, 1107.)  At the time of the November 21, 2019 dismissal order, the action was stayed pending the parties' completion of the court-ordered, contractual arbitration.  (§ 1281.4.)  NU's remedy for addressing Reddy's failure to initiate the arbitration is through the arbitration proceeding, not the trial court.  (*Blake*, at p. 738.)  To paraphrase *Blake*, "rather than seek relief from the trial court for [Reddy's] failure to proceed, [NU] should have sought relief in the arbitration proceeding, by

---

[1] Undesignated statutory references are to the Code of Civil Procedure.

2

pursuing the remedies available under the arbitration agreement and the rules of the arbitration association designated therein. [Citations.] Therefore, the trial court had no jurisdiction to [dismiss the action] and its order dismissing the action must be reversed." (*Ibid.*)

## II. BACKGROUND

Reddy filed her original complaint in this action in March 2016. In September 2016, Reddy filed a second amended complaint (SAC), alleging that NU wrongfully terminated Reddy's employment with NU, together with other employment-related and breach-of-employment contract claims. (See *Reddy v Nat'l Univ.* (Nov. 30, 2018, E067913) [nonpub. opn.] (*Reddy I*).) On January 10, 2017, the trial court denied NU's motion to compel arbitration of Reddy's claims, as alleged in the SAC, on the ground that NU had waived its right to compel arbitration. (§ 1281.2; *Reddy I*, *supra*, E067913.) NU appealed, and this court reversed, concluding that NU did not waive its contractual right to arbitrate Reddy's claims. (*Reddy I*, *supra*, E067913.)

On January 31, 2019, the day this court issued the remittitur in *Reddy I*, the trial court issued orders (1) granting NU's motion to compel arbitration (§ 1281.2), (2) staying the action pending the completion of the arbitration (§ 1282.4), and (3) setting an order to show cause (OSC) hearing in October 2019, concerning the parties' completion of the arbitration. At the OSC hearing on October 22, Reddy's then counsel, Ms. I., told the court she believed her office had sent a demand for arbitration—to whom or to what arbitration service, she did not say—but she had not "heard back." NU's counsel responded that her office had not received an arbitration demand and recently asked the

3

court to set an OSC regarding dismissal "because we haven't heard anything from [Reddy's] counsel trying to push the case into arbitration," and it appeared that Reddy had "abandoned the case." The court set an OSC regarding dismissal on November 21, but told the parties' counsel that, if they were proceeding to arbitration, they could file a stipulation to that effect and the court would take the OSC regarding dismissal off calendar.

The parties did not submit a stipulation stating that the case was proceeding to arbitration. Instead, on November 18, 2019, NU's counsel filed a response to the OSC regarding dismissal, explaining that, on October 23, she sent an e-mail to Ms. I., asking for the arbitration demand, but she had not received the demand or any response to her October 23 e-mail.

In a signed and filed declaration on November 21, 2019, the day of the OSC regarding dismissal hearing, Ms. I. averred that on August 5, she had "mailed a letter requesting arbitration to . . . the former handling attorney for defendant [(NU)]." After the October 22 OSC hearing, she asked her assistant to schedule the arbitration, but that task was not completed "due to a series of unfortunate events." She explained: "Scheduling the arbitration was a low priority because our office had been the victim of mail theft for a number of weeks. My assistant's main priority for a few weeks was figuring out what pleadings, discovery, etc., we had not received in the mail. It was an absolute nightmare for our office. [¶] As that task was wrapping up, I broke my toe and was unexpectedly out for a week . . . . Again, non-essential tasks had to be sidelined and depositions, appointments, etc., rescheduled. [¶] On November first, one week after I

4

broke my toe, my assistant was hit by a car. Due to the extent of his injuries, he has not been able to return to work. [¶] But for all of these unfortunate events, we would have scheduled the arbitration."

At the OSC regarding dismissal hearing on November 21, 2019, NU's counsel told the court that her office had received no communication from Reddy's counsel since several months before the October 22 OSC hearing. Mr. D., another attorney from Reddy's counsel's office, appeared for Reddy at the November 21 hearing. Mr. D. explained that his office's United States mailbox was being opened, and the office's mail was being stolen, and that the problem began "a little bit before August" and was resolved on September 8, when the culprit, a homeless person, was arrested. The court said the stolen mail problem did not explain why Reddy's counsel did not initiate any communication with NU's counsel, either by phone or e-mail, to complete the arbitration. Mr. D. further explained his office was in disarray for several months due to the stolen mail problem, through "early November, maybe late October," and that they, Reddy's counsel, had "kind of dropped the ball on this case and many other cases trying to put out all the fires."

At the conclusion of the November 21, 2019 OSC hearing, the court said that it saw no reason why Reddy's counsel did nothing on the case for nearly an entire year, including advancing the case to arbitration, after the remittitur in *Reddy I* was issued on January 31, 2019, and NU's motion to compel arbitration was granted. Thus, the court dismissed the action, based on Reddy's counsel's failure to pursue the arbitration. On

5

February 24, 2020, Reddy's current counsel was substituted as counsel for Reddy in place of Ms. I. The judgment of dismissal was entered on March 4.

On May 29, 2020, Reddy, through her present counsel, filed a motion to set aside the judgment of dismissal, together with a declaration from Reddy's former counsel, Ms. I. (§ 473, subd. (b).) In this declaration, Ms. I. claimed that her failure to pursue the arbitration was due solely to her mistake, inadvertence, and neglect. (*Ibid*.) She explained that the stolen mail and other problems identified in her November 21, 2019 declaration, together with other unfortunate events that occurred during 2019, led to her being diagnosed with clinical depression for which she was receiving professional treatment. NU filed an opposition to the motion. Reddy filed a reply, and the motion was denied following a July 2, 2020 hearing. Reddy filed a notice of appeal from the judgment of dismissal and the postjudgment order denying her motion to set aside the judgment of dismissal.

### III. DISCUSSION

Reddy claims the court acted in excess of its jurisdiction in dismissing her action against NU, given that the action was previously ordered to arbitration and proceedings in the action were stayed January 31, 2019, pending the completion of the arbitration. (§§ 1281.2, 1281.4.) We agree.

A. *Standard of Review*

We review the November 21, 2019 order dismissing the action de novo. Because the relevant facts concerning the court's jurisdiction to dismiss the action are undisputed, whether the trial court acted in excess of its jurisdiction in dismissing Reddy's action

6

presents a pure question of law.  (*Warburton/Buttner v. Superior Court* (2002) 103 Cal.App.4th 1170, 1181.)  Here, the law is overwhelmingly consistent and clear:  a trial court has no jurisdiction to dismiss an action while a court-ordered contractual arbitration is pending and the action is stayed.

B.  *The Trial Court Did Not Have Jurisdiction To Dismiss Reddy's Action*

Section 1281.4 requires a court to stay an action at law upon ordering the action to arbitration pursuant to an agreement between the parties.  (*Titan/Value Equities Group, Inc. v. Superior Court* (1994) 29 Cal.App.4th 482, 487 (*Titan/Value*).)  Once an action at law has been ordered to arbitration and stayed (§§ 1281.2, 1281.4), "the action at law sits in the twilight zone of abatement with the trial court retaining *merely a vestigial jurisdiction* over matters submitted to arbitration."  (*Brock v. Kaiser Foundation Hospitals* (1992) 10 Cal.App.4th 1790, 1796, italics added.)

Under its vestigial jurisdiction, the court may, for example:  (1) appoint arbitrators, if the method selected by the parties failed (§ 1282.6); (2) grant a provisional remedy, if the arbitration award might be rendered ineffectual without provisional relief (§ 1281.8, subd. (b)); and (3) conform, correct, or vacate the arbitration award (§ 1285; *Titan/Value*, *supra*, 29 Cal.App.4th at p. 487).  As to other matters concerning the arbitration, "the arbitrator takes over."  (*Id*. at pp. 487-488.)  Thus, "[i]t is up to the arbitrator, and not the court, to grant relief for [a party's] delay in bringing an arbitration to a resolution."  (*Id*. at p. 488.)

It is undisputed that Reddy's action was ordered to arbitration and ordered stayed on January 31, 2019, the day the remittitur issued in *Reddy I*—the earlier appeal in which

7

this court reversed the January 10, 2017 order denying NU's motion to compel arbitration of Reddy's claims as alleged in her SAC. (*Reddy I*, *supra*, E067913.) The arbitration and stay orders were not subsequently vacated. Thus, the court did not have jurisdiction or authority to dismiss the action when it did so on November 21, 2019, based on Reddy's counsel's failure to pursue the arbitration. (*Titan/Value*, *supra*, 29 Cal.App.4th at p. 488; *Blake*, *supra*, 93 Cal.App.4th at p. 738.)

Again, "[r]ather than seek relief from the trial court for [Reddy's or her counsel's] failure to proceed [with the arbitration], [NU] should have sought relief in the arbitration proceeding, by pursuing the remedies available under the arbitration agreement and the rules of the arbitration association designated therein. [Citations.] Therefore, the trial court had no jurisdiction to grant the motion to dismiss, and its order dismissing the action must be reversed." (*Blake*, *supra*, 93 Cal.App.4th at p. 738.)

C. *Reddy Did Not Forfeit Her Jurisdictional Claim*

NU argues that Reddy has waived or forfeited her claim that the trial court acted in excess of its jurisdiction in dismissing Reddy's action. NU observes that Reddy did not bring the court's lack of jurisdiction to dismiss the action to the court's attention at the OSC hearings on October 22 and November 21, 2019, or at the July 2, 2020 hearing on Reddy's motion to set aside the judgment of dismissal. NU relies on the general principle that: "points not urged in the trial court may not be urged for the first time on appeal. (*Damiani v. Albert* (1957) 48 Cal.2d 15, 18.)" *Blake* rejected a similar waiver or forfeiture argument (*Blake*, *supra*, 93 Cal.App.4th at p. 738, fn. 9), and we find *Blake*'s reasoning persuasive.

8

As *Blake* explained:  "We summarily reject defendant's argument that plaintiff is precluded on appeal from raising this [excess of] jurisdiction[] objection because she did not raise it in the trial court.  As we said in *Tsemetzin v. Coast Federal Savings & Loan Assn.* (1997) 57 Cal.App.4th 1334, even though an appellant did not raise an issue in the trial court, *if that issue is one of law that may be resolved on undisputed facts*, *it may be raised for the first time on appeal*; indeed, it could even be raised by the court rather than the appellant, as long as the respondent has had an opportunity to address it.  (*Id.* at p. 1341, fn. 6.)  Jurisdiction is clearly such an issue and it has been fully briefed and argued by both parties."  (*Blake*, at p. 738, fn. 9, italics added.)

Here, as in *Blake*, the facts relevant to whether the trial court had jurisdiction to dismiss Reddy's action are undisputed:  the action was ordered to arbitration and stayed on January 31, 2019, before the court dismissed the action on November 21, based on Reddy's counsel's failure to pursue the arbitration after January 31.  Thus, whether the trial court acted in excess of its jurisdiction in dismissing the action is a question of law that may be raised, as it is here, for the first time on appeal.  (*Blake*, *supra*, 93 Cal.App.4th at p. 738, fn. 9.)

NU correctly points out that the court retained subject matter jurisdiction over the action after it ordered the case to arbitration (*Roberts v. Packard*, *Packard & Johnson* (2013) 217 Cal.App.4th 822, 841-842), and that the court, at most, acted *in excess of its*

*jurisdiction* in dismissing the action.[2]  NU notes that claims that the court lacked fundamental or subject matter jurisdiction to act may be raised for the first time on appeal, but claims that the court acted in excess of its jurisdiction may be precluded by " ' "such things as waiver, estoppel, or the passage of time." ' "  (*People v. Lara* (2010) 48 Cal.4th 216, 225; *People v. Taylor* (2009) 174 Cal.App.4th 920, 937-938 ["[A] claim that a trial court acted in excess of its jurisdiction, as opposed to lacking fundamental [or subject matter] jurisdiction to act, is subject to forfeiture by failing to preserve it in the trial court."].)  As we have explained, however, a claim that a court acted in excess of its jurisdiction—like Reddy's claim here—is not waived or forfeited on appeal when, as here, the claim is based on undisputed facts and, as such, presents a pure question of law. (*Blake*, *supra*, 93 Cal.App.4th at p. 738, fn. 9.)  Therefore, we conclude that Reddy has not waived or forfeited her claim that the trial court acted in excess of its jurisdiction in dismissing Reddy's action.

D.  *The Court Did Not Set an Arbitration Completion Date* (§ *1283.8*) *by Setting the OSC Concerning the Completion of the Arbitration*

NU points out that the court had authority, pursuant to section 1283.8, to set a date by which the arbitration had to be concluded and the arbitration award rendered. (*Bosworth v. Whitmore* (2006) 135 Cal.App.4th 536, 539 (*Bosworth*).)  NU claims that

---

[2]  "The principle of subject matter jurisdiction relates to a court's inherent authority to deal with the case or matter before it.  In contrast, a court acts in excess of jurisdiction where, even though it has subject matter jurisdiction, it has no jurisdiction or power to act except in a particular manner, or to give certain kinds of relief, or to act without the occurrence of certain procedural prerequisites."  (*Law Offices of Ian Herzog v. Law Offices of Joseph M. Fredrics* (1998) 61 Cal.App.4th 672, 680.)

10

the court set a completion date for the arbitration (§ 1283.8) when it set the OSC hearing concerning the completion of the arbitration.  Thus, NU argues that the court acted within its jurisdiction in dismissing Reddy's action because she did not comply with the court's " 'completion' deadline."  We disagree.

Section 1283.8 provides in pertinent part:  " 'The [arbitration] award shall be made within the time fixed therefor by the [arbitration] agreement or, if not so fixed, within such time as the court orders on petition of a party to the arbitration.' " (*Bosworth*, *supra*, 135 Cal.App.4th at p. 545.)  The question in *Bosworth* was whether section 1283.8 authorizes the court (1) *only* to set a date "after completion of the evidentiary hearing within which the arbitrator must render [the] award"; or (2) further authorizes the court "to regulate the duration of the arbitration proceeding itself" by referring to the time within which the award must be made.  (*Bosworth*, at p. 545.)  *Bosworth* reasoned that section 1283.8 was susceptible to either interpretation and, upon reviewing the statute's legislative history, concluded that the statute was "intended to give the trial court power to prevent undue delay in completing the arbitration."  (*Bosworth* at pp. 546-548.)

*Bosworth* held that, absent an arbitration completion deadline established by the parties' agreement, section 1283.8 "gives the trial court the power, *on petition of a party to the arbitration, to set a date by which the arbitration proceeding must be completed and the award rendered*." (*Bosworth*, *supra*, 135 Cal.App.4th at p. 550, fn. omitted, italics added.)  But contrary to NU's argument, the court *did not* set a completion date for the arbitration or for issuance of the arbitration award (§ 1283.8), when it set the OSC hearing concerning the completion of the arbitration.

11

" 'An order to show cause is a notice of motion and a citation to the party to appear at a stated time and place to show cause why a motion should not be granted.' " (*Reifler v. Superior Court* (1974) 39 Cal.App.3d 479, 483.)  The October 22, 2019 OSC concerning the completion of the arbitration required Reddy to appear and show cause why the arbitration had not been completed.  The November 21, OSC concerning the dismissal required Reddy to appear and show cause why her action should not be dismissed.  But neither OSC set an arbitration completion date, and neither NU nor Reddy petitioned the court to set a date by which the arbitration had to be completed or the arbitration award rendered.  (§ 1283.8.)

As *Bosworth* illustrates, section 1283.8 affords parties to an arbitration agreement a means to ensure that the court-ordered arbitration is completed in a timely manner and that the arbitration award is also issued in a timely manner.  (*Bosworth*, *supra*, 135 Cal.App.4th 546-549.)  But section 1283.8 does not authorize a court to dismiss an action, as the court did here, when a party fails to timely pursue the arbitration or cooperate in its completion, but the court did not fix a date for completing the arbitration or issuing the arbitration award.

*Bosworth* noted that *Blake* and *Titan/Value* were "no doubt" "correctly decided. In each case, the trial court exceeded the scope of its authority after the case was ordered to arbitration." (*Bosworth*, *supra*, 135 Cal.App.4th at p. 550.)  *Bosworth* disagreed with *Blake* and *Titan/Value*, only "to the extent the language of the opinions suggests that a trial court has no authority to fix an arbitration completion date." (*Bosworth*, at p. 550.)

12

Had NU petitioned the court to set an arbitration completion date, and had Reddy failed to complete the arbitration by that court-ordered completion date, we might agree with NU that the court did not abuse its discretion in dismissing Reddy's action based on her counsel's failure to complete the arbitration by the court-ordered completion date. But that is not the case here. There simply was no arbitration completion date. Therefore, the court erroneously dismissed the action for failing to complete the arbitration by the time of the hearing on the OSC regarding the completion of the arbitration, or the hearing on the OSC regarding the dismissal of the action.

## IV.  DISPOSITION

The March 4, 2020 judgment dismissing Reddy's action is reversed, and the matter is remanded to the trial court with directions to vacate the order of dismissal, reinstate the action, and order the matter to arbitration.  Except as authorized by section 1283.8, any other applicable law, or agreement between the parties, any disputes regarding the failure to timely prosecute the arbitration shall be submitted to the arbitrator.  The parties shall bear their respective costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS _____
J.

We concur:


RAMIREZ _____
P. J.


McKINSTER _____
J.

14