[Civ. No. 24077.   Second Dist., Div. Three.   May 2, 1960.]

MARY ALLEN FUQUA et al., Respondents, v. A. BRIGHAM ROSE et al., Appellants.

A. Brigham Rose, in pro. per., for Appellants.

Wiener & Wiener and Albert C. Mour for Respondents.

SHINN, P. J.—A. Brigham Rose and Zelletta M. Rose, husband and wife, appeal from a default judgment against them in the sum of $38,330.42. Their default was taken after their failure to plead to process duly served upon them. Their motion to vacate the default was heard upon affidavits and was denied without prejudice on February 11, 1959; February 17th, upon evidence taken, judgment was given in favor of plaintiffs as above stated. February 19th, defendants Rose gave another notice of motion to vacate the default and filed additional affidavits. Apparently they were unaware of the fact that judgment had already been entered against them. The second motion also was denied.

The complaint alleged that Mr. and Mrs. Rose and four fictitiously named defendants agreed to pay Mary Allen Fuqua certain sums of money and thereafter $200 per month as long as she should live, with the provision that if defendants should at any time be in arrears for 30 days in making any monthly payment, at the option of plaintiffs or their attorney, $54,-799.20 less the sums of all monthly payments that had been made, would become immediately due and payable. It was alleged that defendants had paid $22,133.54 of which $18,000 consisted of 90 monthly payments and that no payment had been made since June 13, 1958; there remained due to plaintiffs $36,799.20 for which judgment plus interest and costs was prayed.

The ground of each motion was stated in an affidavit of Rose. In his first affidavit he averred that in a conversation with Herb Wiener, one of plaintiffs' attorneys, he stated that he had come into Los Angeles ''for the purpose of communicating with the persons actually and directly involved in the matter of providing that the $200 per month payments to the plaintiff, Mary Allen Fuqua be made, and that he, therefore, wanted time in which to plead to this action, and if necessary, to bring in the parties directly involved. Said attorney specifically and unequivocally advised affiant that he would not require affiant or the codefendant to plead until due and proper notice was served demanding such ·pleading after such conversation.'' It was averred that affiant believed and relied upon such promise. Herb Wiener filed an affidavit in which he stated that Rose telephoned him on December 30,

1958, stating that he had come up to Los Angeles from San Diego to arrange to have a Mr. Somers, to whom the Roses had sold a hotel, pay directly to the plaintiffs the accrued delinquent monthly payments; that Somers' property had been attached and his monthly contract payments had been tied up. Rose asked affiant if he were interested in making a settlement and reinstating the $200 a month monthly payments; deponent stated he would be agreeable to listen to any proposed offer of settlement and thereafter to take it up with his clients. Defendant Rose further stated that an answer was due in the within action within a few days and deponent replied that he knew. Defendant Rose then stated that he would contact Mr. Somers the following day, Wednesday, and would call deponent on Wednesday, or immediately after the first of the new year. Rose did not request an extension of time; if an extension of time had been requested it would have been denied. Wiener entered the defaults January 6, 1959 and did not hear from Rose again until January 27, 1959.

The affidavit of Rose filed February 19th contained additional facts as justification for his relying upon the promise of Wiener as alleged. These additional facts were that he had had pending for three months an action he had instituted apparently for the purpose of having it determined whether other persons were obligated to make the payments to plaintiffs, and that he delayed pleading in the present action because he was considering bringing in other persons as parties. In opposition to the second motion Wiener filed a duplicate of his first affidavit.

The purpose of the court in denying the first motion without prejudice was to enable appellants to make some further showing. They did not give notice of another motion until February 19th and in the meantime without their knowledge the judgment had been entered.

It seems passing strange to us that Mr. Rose, who has been an active practitioner before the courts of this community for many years, would not have requested additional time in which to plead under the circumstances related in his affidavits and in the affidavit of Wiener. It would appear from the complaint that there were others sued under fictitious names whom plaintiffs intended to charge with liability. Admittedly, the possibility of bringing them into the case was in Rose's mind and was discussed with Wiener. It was in this connection that Rose mentioned the fact that an answer would be due in a few days. We cannot conceive of any reason

Rose would have had for telephoning Wiener other than to request an extension of time in which to plead and to state his reasons for the request.

Upon the affidavits presented to it the trial court was required to determine whether Rose requested and Wiener granted an extension of time. As the matter stands in this court, we have only to consider whether the showing made by appellants at the hearings established as a matter of law that plaintiffs were estopped from entering the default of appellants until the latter had received notice of a demand that they plead. It is clear that the decision of the trial court was one of fact and that it was based upon substantial evidence consisting of Wiener's affidavit that he had not agreed to an extension of time. The rulings of the court could only be construed as decisions, upon the evidence before it, that no extension of time had been granted. Even if we were of the opinion from a study of the affidavits with respect to the telephone conversation that it would be more reasonable to believe that the extension was granted than that it was denied, the fact that the trial court, having accorded greater weight to the proof of the respondents than it did to the proof of appellants, determined that no extension of time had been granted, would prevent us from interfering with the order. This has been the rule at least since *Perry* v. *Cochran,* 1 Cal. 180.

The judgment and order are affirmed.

Vallée, J., and Ford, J., concurred.

A petition for a rehearing was denied May 24, 1960.