[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION (MOTION FOR SUMMARY JUDGMENT, #115)
CT Page 7211
Plaintiffs move for summary judgment, contending there remains no genuine issue of material fact as the result of California default judgment enforceable under the full faith and credit clause of the United States constitution.
I. FACTS
On February 23, 1994, the plaintiffs, Infotel Systems Incorporated (ISI) and Telesystems Management Incorporated (TMI), filed a one count complaint against the defendant, Judith D. Franklin, as executrix of the estate of George Franklin, seeking to enforce a California default judgment rendered against Mr. Franklin. On December 19, 1994, the plaintiffs filed a motion for summary judgment arguing that they are entitled to summary judgment on both the complaint and the defendant's counterclaim because there remains no genuine issue of material fact because the California default judgment is entitled to enforcement in Connecticut under the full faith and credit clause of the United States constitution. In order to resolve the plaintiffs' motion for summary judgment now before the court, the court must review the California proceedings that resulted in the default judgment against Mr. Franklin. Therefore, for the sake of clarity, the memorandum will first set forth the events in California that led to the default judgment; then, the memorandum will set forth in more detail the proceedings thus far in the instant Connecticut action seeking to enforce the default judgment.
A. The California Action
The record indicates the following. On December 17, 1990, the plaintiffs filed a ten count complaint with the Superior Court of California against several defendants, including, Mr. Franklin, individually, and Habaju Telecommunications, Inc. (Habaju). The California complaint alleged, in essence, that the defendants either breached, or, interfered with, the plaintiffs' business contracts, and, as a result, the plaintiffs suffered economic injury.[1] Id.
The proof of service filed with the California CT Page 7212 Superior Court indicates that on January 22, 1991, a summons and a complaint were personally served on "Dr. George H. Franklin" at 734 Bliss Rd., Longmeadow, Massachusetts.[2] On July 31, 1992, over one year after the alleged personal service upon Mr. Franklin, the plaintiffs requested the California superior court to enter a default against the defendant "George Franklin dba Habaju Telecommunications" for his failure to appear and answer the plaintiffs' complaint. The request for default indicates that a copy of the request for default was mailed on July 31, 1992, via first class mail, to George Franklin, at 33 The Meadows, Enfield, Connecticut, and, to Habaju Telecommunications, care of George Franklin, at 734 Bliss Rd., Longmeadow, Massachusetts, 00110.
On August 7, 1992, the California Superior Court entered a default against "George Franklin dba Habaju Telecommunications." Nineteen days thereafter, on August 26, 1992, the California Superior Court entered a default judgment against "George Franklin dba Habaju Telecommunications" in the amount of $90,334.54. The default judgment states that the California Superior Court considered evidence and concluded that the defendant "George Franklin dba Habaju Telecommunications" was regularly served with process, yet failed to appear and answer the plaintiffs' complaint.
On November 4, 1992, pursuant to California Civil Code § 473, the estate of George Franklin, and Ms. Franklin as executrix thereof, filed a Motion for Relief From Default and to Quash Service. The California Superior Court denied the motion on December 18, 1992.[3] On December 29, 1992, the California Superior Court issued an order modifying the default judgment, substituting the executrix Ms. Franklin and the Estate of George Franklin "in place and in stead of the decedent George Franklin."
On February 16, 1993, Ms. Franklin, as executrix of Mr. Franklin's estate, appealed to the Court of Appeals of the State of California for the Second Appellate District "(1) the denial of her Motion for Relief from Default and to Quash Service of Summons heard on December 18, 1992, (2) the Court's Order of December 29, 1992, substituting the Estate of George Franklin and Judith Franklin, as Executrix of the Estate, in place and in stead of George Franklin, CT Page 7213 modifying the default judgment to reflect this substitution, and (3) the default judgment, as amended on December 29, 1992." On June 7, 1993, the appeal was dismissed pursuant to Rule 17A, California Rules of Court, because the appellants failed to proceed. The appellate dismissal marked the end of the California proceedings.
B. The Connecticut Action
After the California appellate court dismissed Ms. Franklin's appeal, the plaintiffs filed the instant action to enforce the default judgment. The plaintiffs allege in their complaint that on August 26, 1992, the Superior Court of California, County of Los Angeles, rendered a default judgment for $90,334.54 in favor of the plaintiffs against Mr. Franklin. The complaint further alleges that Ms. Franklin, as executrix of Mr. Franklin's estate, appealed said judgment and the appeal was dismissed on June 7, 1993, by the Court of Appeal for the Second Appellate District for the State of California.
The complaint further alleges that on October 18, 1993, the executrix, Ms. Franklin, disallowed the plaintiffs' claim against Mr. Franklin's estate even though the plaintiffs submitted their claim to the executrix within the time limit permitted by the court of probate for presenting such claims. The complaint alleges that, to date, the judgment remains unsatisfied. Therefore, the plaintiffs pray for the enforcement of the California default judgment.
On September 2, 1994, the defendant answered the plaintiffs' Connecticut complaint and set forth two special defenses and a counterclaim. The first special defense asserts that the underlying California judgment is void or voidable and therefore not entitled to full faith and credit by the courts of Connecticut because:
a) judgment was entered at a time after the alleged debtor, George Franklin, died and prior to the time any claim was filed against the estate;
b) judgment entered following a default for failure to appear which plaintiffs obtained during the time that the alleged debtor was terminally ill and confined to a CT Page 7214 hospital in Springfield, Massachusetts, and therefore lacked the opportunity to defend himself in an action;
c) judgment entered against the defendant executrix despite the failure of the plaintiffs to pursue a claim as required by statute and despite the lack of opportunity to defend the interests of the estate;
d) judgment entered against the defendant despite the existence of defenses to the claims, including but not limited to, the lack of personal jurisdiction over the decedent, the defendant executrix, and the Estate itself;
e) judgment entered against the defendant despite the lack of the decedent's personal liability for an alleged debt incurred by a corporation in which the decedent held a position;
f) the California court entered the default without proof of service on the complaint upon George Franklin as required by California law;
g) there was no prove-up of damages or a prove-up hearing regarding damages as required under California law before a default could be entered;
h) judgment was not obtained against "George Franklin" individually, but was obtained against "George Franklin dba Habaju telecommunications," which was not a defendant to the original complaint and which in fact does not, and never has, existed as a legal entity.
Def's Answer #102, pp. 2-3.
The second special defense asserts that the plaintiffs failed to bring their claim against the Estate within the statutory 150 day time limit from when the Executrix was appointed, as required pursuant to General Statutes § 47a-353 et seq., and therefore, the plaintiffs are barred from asserting their claim. Id., p. 4. In support of her second special defense, the defendant alleges that she was appointed executrix on October 22, 1992, and the plaintiffs failed to assert their claim against the estate until approximately August 23 1993. Id. CT Page 7215
The defendant's counterclaim sets forth an equitable cause of action seeking, among other things, a judgment declaring the California default judgment void. The counterclaim recites the procedural history of the California default judgment as set forth hereinabove. The counterclaim further alleges that notwithstanding the fact that the proof of service indicated that Mr. Franklin was personally served, Mr. Franklin was not served and thus the California Superior Court never exerted personal jurisdiction over the decedent. The counterclaim further alleges that at the time the default for failure to appear was entered against Mr. Franklin by the California Superior Court, Mr. Franklin was in Baystate Medical Center in Springfield, Massachusetts, receiving treatment for a terminal illness. Therefore, as a result of said hospitalization, the counterclaim alleges that Mr. Franklin failed to receive notice regarding the Request for Entry of Default until August 8, 1992, one day after the default was entered.
Additionally, the counterclaim alleges that Mr. Franklin died on August 12, 1992. Consequently, the counterclaim alleges that the default judgment was entered against "George Franklin dba Habaju Telecommunications" despite the fact that Mr. Franklin had died several days earlier and the plaintiffs failed to substitute Mr. Franklin's estate in said proceeding. Moreover, the counterclaim alleges that the California Superior Court substituted the estate of Mr. Franklin and modified the default judgment to reflect the substitution even though never obtaining jurisdiction over the estate. Thus, the counterclaim alleges that the California default judgment is void and prays for a judgment from the court declaring it so.
On December 19, 1994, the plaintiffs moved for summary judgment asserting that there remains no genuine issue of material fact in the complaint or in the counterclaim that the California default judgment is entitled to enforcement in Connecticut under the full faith and credit clause. In support of the motion, the plaintiffs filed a memorandum of law together with the Affidavit of Stewart J. Neuville;[4] 17 appended exhibits; and the defendant's November 2, 1992, Motion for Relief from the Default Judgment and Motion to Quash Service that was ultimately denied by the California Superior Court. CT Page 7216
On January 31, 1995, the defendant filed its objection to the plaintiffs' motion for summary judgment together with a memorandum of law; the original California complaint filed against Habaju, Mr. Franklin, and the several other California defendants; an affidavit of the defendant Ms. Franklin dated September 2, 1994; an affidavit of the defendant Ms. Franklin dated January 24 1995; and, the affidavit of attorney Mark Field dated January 24, 1995.[5]
III. DISCUSSION
"Practice Book § 384 provides that summary judgment `shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" (Internal quotation marks omitted.) Zauner v. Brewer, 220 Conn. 176, 180, 596 A.2d 388
(1991). Accordingly, "the party seeking summary judgment has the burden of showing the nonexistence of any material fact." (Citations omitted.) Connell v. Colwell, 214 Conn. 242, 246,571 A.2d 116 (1990).
"In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Citations omitted.) Id., 246-47. "To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." (Citation omitted.) Fogarty v. Rashaw, 193 Conn. 442,445, 476 A.2d 582 (1984). "Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact; D.H.R. Construction Co. v. Donnelly, 180 Conn. 430,434, 429 A.2d 908 (1980); a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. Practice Book §§ 380, 381; Burns v. Hartford Hospital, [192 Conn. 451,455, 472 A.2d 1257 (1984)]. . . ." Strada v. ConnecticutNewspapers, Inc., 193 Conn. 313, 317, 477 A.2d 1005 (1984).
In the instant matter, the plaintiffs argue that they are entitled to summary judgment because in order to collaterally attack a foreign judgment and avoid its enforcement, a defendant must show that the judgment is not merely voidable, but void. In order to demonstrate that the California default CT Page 7217 judgment is void, the plaintiffs argue that the defendant must demonstrate that either: (1) there was a lack of a legally organized court or tribunal; (2) the rendering court lacked jurisdiction over the subject matter or the persons, or both; or, (3) the rendering court lacked the power to grant the relief contained in the judgment. The plaintiffs argue that the defendant's only conceivable defense to the default judgment is that the California Superior Court lacked personal jurisdiction over the defendant.
The plaintiffs argue, however, that the issue of personal jurisdiction has already been litigated in California as a result of the defendant's voluntary decision to specially appear in California's superior court and file a Section 473 motion to set aside the default judgment. Moreover, the plaintiffs argue that the defendant appealed the decision and the appeal was dismissed. Therefore, the plaintiffs argue that the defendant cannot challenge the jurisdiction of the California Superior Court to render the default judgment in the instant action since the defendant raised and lost that exact issue in California. Thus, the plaintiffs argue that the issue of whether the court exerted personal jurisdiction over the defendant is res judicata. Accordingly, the plaintiffs argue that there is no defense to the California default judgment and it is entitled to enforcement by the Connecticut courts under the full faith and credit clause of the United States constitution.
The defendant argues that California law governs the determination of whether the plaintiffs' default judgment may be collaterally attacked in this action. The defendant further argues that pursuant to California law a challenge concerning the personal jurisdiction of the court is not barred by the doctrine of res judicata. In support, the defendant argues that generally, "California courts will not give res judicata effect to decisions or rulings on motions when considering subsequent motions or collateral attacks on the same or similar issues."[6] Moreover, the defendant argues that "California law permits later challenges to rulings on post-judgment motions brought pursuant to California Code of Civil Procedure § 473." The defendant claims that the California Court of Appeals has held that `an adverse judgment in a Code of Civil Procedure, Section 473 proceeding does not bar a subsequent action in equity for relief upon the same grounds."[7] Thus, the defendant argues that under California CT Page 7218 law she is entitled to collaterally attack the default judgment.
In the alternative, the defendant argues that there is a genuine issue of material fact as to whether the doctrine of res judicata applies to the instant case. The defendant argues that "California law holds that unless a person seeking to set aside a default judgment has the opportunity to develop the issues involved through oral testimony and the cross-examination of witnesses, the denial of the motion will not act as res judicata to a subsequent independent action on the same grounds."[8] The defendant further argues that the defendant's § 473 motion was denied by the California court without oral argument or an evidentiary hearing with the opportunity to present oral testimony. Thus, the defendant argues that, under California law, res judicata does not apply to the facts of this case.
Finally, the defendant argues that the court should not give full faith and credit to the California default judgment because the judgment is contrary to Connecticut public policy. The defendant states that it is against Connecticut public policy to render a judgment against a deceased person. Thus, the defendant argues, that since the default judgment in the instant case was rendered against Mr. Franklin days after he had already passed away, the judgment should not be afforded full faith and credit by the court because it violates Connecticut public policy.
"Since the interpretation of the full faith and credit clause is a question of federal law, [the court] is bound by the decisions of the Supreme Court of the United States concerning the criteria for application of the clause."Packer Plastics, Inc. v. Laundon, 214 Conn. 52, 55-56,570 A.2d 687 (1990), citing Thomas v. Washington Gas Light Co.,448 U.S. 261, 271 n. 15, 100 S.Ct. 2647, 65 L.Ed.2d 757 (1980). "The full faith and credit clause, article IV, § 1 of the United States constitution, requires the judgments of the courts of each state be given the same faith, credit, and effect in sister states as they have by law or custom in the courts of the state rendering them." Morabito v. Wachsman,191 Conn. 92, 96-97, 463 Conn. 593 (1983), citing, among others, Durfee v. Duke, 375 U.S. 106, 109, 84 S.Ct. 242,11 L.Ed.2d 186 (1963). "`When a defendant appears in an action to object that the court has no jurisdiction over him and the CT Page 7219 court overrules the objection and renders judgment against him, the local law of the State where the judgment was rendered determines, subject to constitutional limitations, whether the parties are precluded from attacking the judgment collaterally on the ground that the court had no jurisdiction over the defendant.'" Id. at 97, quoting, 1 Restatement (Second), Conflicts 96. Accordingly, the court must look to California law to determine whether the defendant, having already raised the issue of the California court's exercise of personal jurisdiction over the decedent and his estate through the Section 473 motion for relief from the default judgment, may now attack the default judgment in a subsequent equitable action based on the same grounds as asserted earlier in the Section 473 motion.
Under California law, a defendant who unsuccessfully moves the rendering court, pursuant to Section 473 of the California Code of Civil Procedure, to set aside a default judgment, may directly challenge the default judgment by way of a subsequent independent equitable action if during the hearing on the Section 473 motion to set aside the default judgment the defendant was not provided with an opportunity to present fully his or her evidence as to why the default judgment should be set aside. See Barker v. Hull, 191 Cal.App.3d 221,236 Cal.Rptr. 285 (1987); Lederer v. Rohrbasser,179 Cal.App.3d 290, 224 Cal.Rptr. 791 (1986); Rose v.Fuqua, 200 Cal.App.2d 719, 19 Cal.Rptr. 634 (1962).
In Rose v. Fuqua, supra, the Roses filed an action in equity to set aside a default judgment that was rendered against them in a prior action that was subsequently challenged on appeal and affirmed.[9] See Rose v. Fuqua, supra,19 Cal.Rptr. 634. In the first action, the Fuquas sued the Roses for breach of contract and obtained a default against the Roses for failing to appear and answer the complaint. Id. The Roses promptly filed a Section 473 motion to vacate the default and sought permission from the court to answer the complaint. Id. In support of the motion to vacate, the Roses filed an affidavit, wherein they asserted that the Fuquas' attorney agreed to grant the Roses an extension of time in which to plead to the Fuquas' complaint in order to provide the Roses with an opportunity to investigate the matter and seek its settlement or the inclusion of responsible parties. Id. The Fuquas filed an affidavit in opposition to the Roses' motion to vacate, wherein they denied agreeing to grant the CT Page 7220 Roses an extension of time in which to plead. Id. The court heard the Roses' Section 473 motion to vacate the default upon the affidavits and denied it without prejudice on February 11, 1959. Id. The Fuquas proceeded to have a hearing upon the default and the court entered a default judgment on February 17, 1959. Id. On February 19, 1959, the Roses again moved to have the default vacated, apparently unaware that the Fuquas already moved to judgment upon the default. Id. In support of the second motion, the Roses filed another affidavit with additional facts that strengthened their assertion that the Fuquas' attorney granted the Roses an extension of time. Id. The Fuquas simply refiled the same affidavit that they filed in opposition to the Roses' first motion to vacate the default. Id. The second motion was also denied. Id. The Roses appealed to the District Court of Appeal which affirmed the orders and judgment. Id.
Thereafter, on October 3, 1960, the Roses filed an action in equity seeking to set aside the default judgment. Id. The Roses argued that the default judgment should be set aside because the Fuquas' attorney granted them an extension of time to plead to the complaint and then fraudulently and unscrupulously obtained a default judgment against the plaintiffs. Id. Thus, the ground for setting aside the default judgment was identical to the ground the Roses asserted in their two motions to vacate the default heard by the trial court in the prior action. Id.
The Fuquas answered the complaint and set forth an affirmative defense of res judicata, claiming that the trial court's rulings upon the Section 473 motions to vacate the default in the first action barred the relitigation of the same issue in the second action. Id. Trial was to the court and judgment was entered for the Roses setting aside the default judgment in the first action. Id. The Fuquas appealed. Id.
On appeal the sole question for the court's determination was:
Where a motion to vacate a default under Code of Civil Procedure section 473 is denied, the trial court having before it defendant's affidavit claiming the plaintiffs' attorney had granted an extension of time in which to answer the complaint and plaintiff's affidavit denying CT Page 7221 having done so may an independent action in equity be instituted to set aside such judgment?
Id. at 635.
On appeal the Fuquas contended that the denial of the respondents' section 473 motion to vacate the default judgment was res judicata as to any subsequent independent action in equity. Id. The appellate court, however, disagreed, and held that for a section 473 motion to act as res judicata to a subsequent action, the "trial of an issue on a motion must be as comprehensive as the trial on the same issue in a suit if the former is to bar the latter." Id. at 637. The court stressed that:
. . . we are unable to say that [the Roses] made a detailed presentation of the issues of fraud and mistake on their motions to vacate, nor can it be said that they had a full opportunity at the time of the hearings to develop the issues by oral testimony. The record before us discloses nothing more than the fact [that] the motions to vacate the default were heard upon affidavits. This does not afford opportunity for cross examination of witnesses nor does the judge have the opportunity to see and hear the witnesses which is necessary in a case of direct conflict in testimony.
Consequently, respondents' motions to vacate cannot bar their equitable action to set aside the order attacked by the earlier motions. The remedies for relief from a judgment procured by fraud, mistake or excusable neglect, provided by section 473 of the Code of Civil Procedure, and the ordinary suit in equity, are entirely distinct and cumulative. (Jeffords v. Young, 98 Cal.App. 400,406-407, 277 P. 163.)
Id. at 637-38. Compare Darlington v. Basalt Rock Co.,188 Cal.App.2d 706, 10 Cal.Rptr. 556 (1961) (where the court held that the denial of a motion to vacate an order approving the compromise of a minor's disputed claim barred an equitable action to set aside the same order on the same grounds because the court's denial of the motion to vacate was issued after a full presentation of the issues, including the taking of oral testimony as well as the consideration of affidavits). CT Page 7222
Under California law, the denial of a section 473 motion to vacate a default judgment will bar a subsequent equitable action seeking to set aside the default judgment only if: (1) the grounds asserted to set aside the default judgment are identical to the grounds asserted in the earlier section 473 motion to vacate the default judgment; and, (2) if the party was afforded a full opportunity to present the issues to the court during the hearing on the section 473 motion to vacate.Barker v. Hull, supra, 236 Cal.Rptr. 285; see also Ledererv. Rohrbasser, supra, 179 Cal.App.3d 290; Darlington v.Basalt Rock Co., supra, 188 Cal.App.2d 706; Rose v. Fuqua,
supra, 19 Cal.Rptr. 634.
In the present action, the defendant has set forth a counterclaim, alleging an equitable cause of action seeking to set aside the default judgment rendered in California. In this counterclaim the defendant alleges that the default judgment was entered against the defendant even though the "defendant executrix has been deprived of any meaningful opportunity to defend herself and the estate by virtue of the default judgment which entered against the decedent in the California collection action. . . ." See Def's Answer #102. Further, the defendant has submitted the affidavit of attorney Mark Field, the attorney that represented the defendant in California during the section 473 motion to vacate the default judgment, wherein he states:
3. That on or about November 2, 1992, while in the course of my representation of the Estate, I made special appearance on behalf of the Estate and filed Motion for Relief from Default and to Quash Service of Summons pursuant to California Code of Civil Procedure § 473 in connection with a default judgment that had entered against George Franklin dba Habaju Telecommunications.
. . .
5. On December 18, 1992, after a hearing which lasted two to three minutes, the California court to which I submitted the § 473 Motion summarily denied it.
. . .
8. There has never been an evidentiary hearing in CT Page 7223 connection with the § 473 Motion nor has there been a determination on the merits that the California court had personal jurisdiction over George Franklin or his Estate.
9. While issues of personal jurisdiction were addressed in the brief that was submitted with the § 473 Motion, none of those issues were argued before the court.
10. There was no testimony or examination of witnesses regarding the issues of personal jurisdiction at the § 473 hearing.
The plaintiffs, meanwhile, have failed to present any evidence that contradicts the testimony of attorney Field concerning the extent of the hearing on the section 473 motion. Instead, the plaintiffs argue at page 8 of their memorandum of law that "even if the Defendant had persisted in her appeal the only admissible evidence in challenging the validity of the default judgment is the statutorily defined `judgment roll.'. . . This consists only of the summons, the proof of service, the complaint; the request for entry of default, the entry of default, and the judgment. . . . Since these documents are necessary to obtain the judgment in the first place, the trial judge presumably considered them in rejecting the Defendant's Motion for Relief from Default dated November 20, 1992. Thus, even if Defendant did not default in pursuing her appeal, she would have been precluded from collaterally attacking the judgment since the `judgment roll' was already considered." (Emphasis added.)
The quoted language from the plaintiffs' argument highlights that the plaintiffs are not certain on what basis the court denied the defendant's Section 473 motion for relief from default; nor what the court considered when it denied the motion. Further, a subsequent equitable action is not a collateral attack, but a direct attack upon the judgment; and, even if the defendant pursued her appeal and the appellate court affirmed the trial court's ruling, Rose v. Fuqua, supra, is implicit approval that a defendant may institute a subsequent equitable action to set aside the default judgment, even though the appellate court affirmed the trial court's decision denying the Section 473 motion for relief from the default judgment Id; see also Fuqua v. Rose, 180 Cal.App.2d 590,4 Cal.Rptr. 573 (1960) (the appellate decision affirming the trial court's denial of Rose's Section 473 CT Page 7224 motion for relief from the default). The question to ask in order to determine if a ruling upon a Section 473 motion acts as res judicata in a subsequent equitable action is: Did the Defendant have the opportunity to fully present the issue during the hearing on the Section 473 motion? Id. In the present case, from the record before the court, the answer to this question, at this point of the proceeding, is no.
Therefore, under the holdings of Rose v. Fuqua,Darlington v. Basalt Rock Co., Barker v. Hull, and Lederer v.Rohrbasser, supra, there remains a genuine issue of material fact whether, under California law, the doctrine of res judicata would bar the defendant's equitable counterclaim because the record before the court suggests that the defendant was not afforded an opportunity to fully present the issue of personal jurisdiction during the hearing on the section 473 motion to vacate the default judgment.
Accordingly, the plaintiffs' motion for summary judgment is denied.
Schimelman, J.