[No. A065901. First Dist., Div. Five. Apr. 6, 1995.]

COUNTY OF ALAMEDA, Plaintiff and Respondent, v.
RICHARD M. MOORE, Defendant and Appellant.

## COUNSEL

William H. Ahern for Defendant and Appellant.

Daniel E. Lungren, Attorney General, Roderick E. Walston, Chief Assistant Attorney General, Mary A. Roth and Carol Ann White, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

KING, J.—In this case we hold that approval of informality in conducting hearings and trials in district attorney support and marital dissolution cases

does not include resolution of disputed factual issues based upon mere statements of counsel or parties. Informality in the conduct of such hearings and trials is encouraged to expedite the proceedings while minimizing personal conflict between the parties; however, decisions on disputed factual issues in such cases must be based upon evidence presented in declarations under penalty of perjury, by offers of proof or through oral testimony.

Richard M. Moore appeals from a judgment awarding child support to his former spouse and reimbursement of welfare arrears to the County of Alameda (County). He contends there was insufficient evidence to support the judgment.

In December 1990, Richard and Donna Moore[1] obtained a judgment of dissolution, and were awarded joint legal custody of their two sons. Richard was awarded physical custody, except for Tuesdays and Thursdays from 4 p.m. until the next morning, and Saturdays from 4 p.m. until, on alternating Sundays, 11 a.m. and 6 p.m. It was further ordered that, "Each party shall be responsible for the support of the children when the children are in his/her custody. Child support from one party to the other party is reserved."

In December 1992, County, represented by the district attorney, filed a complaint to establish parental relationship and for child support under Welfare and Institutions Code sections 11350 and 11350.1.[2] It alleged that Richard was the parent of and separated from Michael and Christopher Moore, that he had the ability to pay child support but had not done so, and that as a result the children had been receiving public assistance since June 12, 1992. In his answer, Richard denied the allegations of separation and ability to pay and, upon insufficient information, his children's receipt of public assistance. As affirmative defenses, he alleged (1) that he had "the care, custody and control" of the children "pursuant to" the dissolution judgment, and (2) that he had not been separated from them and they had not needed public assistance. In November 1993, the trial court ordered Richard

[1]For ease of reference, we will refer to the parties by their first names, Richard and Donna. (See *In re Marriage of Smith* (1990) 225 Cal.App.3d 469, 475-476, fn. 1 [274 Cal.Rptr. 911].)

[2]Section 11350 provides in pertinent part: "(a) In any case of separation . . . of a parent . . . from . . . children which results in aid under this chapter [Aid to Families With Dependent Children or AFDC] being granted to that family, the noncustodial parent . . . shall be obligated to the county for an amount equal to" either the amount specified in an existing court order (subd. (a)(1)), or an amount "determined by using the appropriate child support guidelines currently in effect" (subds. (a)(2) & (c)).

Section 11350.1, which sets out the procedures by which the district attorney may prosecute an action for support under section 11350, provides in pertinent part: "In an action under this section there shall be no joinder of actions, or coordination of actions, or cross-complaints, and the issues shall be limited strictly to the question of paternity, if applicable, and child support, including an order for medical support."

to pay $474 per month temporary child support, reserving jurisdiction to modify, and filed a wage assignment order for that amount. No appeal was taken from that order.

The matter came to trial on March 25, 1994. In an opening statement, the district attorney told the court that Richard and Donna were the parents of three children,[3] that they split custody 50-50, that Donna had quit her job to care for Michael who had serious psychological problems, and that she began receiving Aid to Families With Dependent Children (AFDC) in June 1992. The district attorney went on to explain that considering Richard as head of household with two children for whom he claims tax deductions, with an average gross monthly income of $3,047.20, $49 in mandatory retirement, and $420 per month in child care expenses, and considering Donna's $60 in Supplemental Security Income payments for Michael, the computer program came up with child support of $621 per month. Finally, the district attorney stated there was a "welfare arrears balance" from June 1992 through March 1994 of $12,318. In his opening statement, Richard's counsel asserted the "allegations of the complaint are completely false," and Donna's AFDC claim was fraudulent.

Donna testified on the limited issue of what contributions, if any, her housemate, Chris Del Rio, was making toward her expenses. Richard's counsel suggested the proper procedure was to file a modification motion in the dissolution action. He proposed a continuance and further testimony about Donna's need for public assistance. The trial court agreed with the district attorney that it did not have jurisdiction over welfare fraud allegations. Richard was sworn, stated he had "a due process worry" about the whole procedure, and was cut off by the trial court. The district attorney told the court the prior wage assignment had not been honored because, according to her discussion with Richard's employer's accounts person, Richard had said he was taking care of it, which he was not. Richard's attorney said it was he who told the employer not to forward the money.

The trial court ruled that each month beginning April 1, 1994, Richard should pay $621 child support for the two children, and $50 toward welfare arrears, and filed judgment (with computer printout attached) accordingly. It also filed a conditional wage and earnings assignment order, and an order for continued health insurance coverage for the children. ■ On appeal Richard asserts that there was no evidence to support the trial court's judgment. He is, quite simply, correct.

[3]According to the district attorney, Michael and Christopher were aged five and Mark aged seven, although she almost immediately thereafter referred to "the older child, Michael." In fact, Michael was then seven and Christopher five. The record does not reveal the existence or identity of "Mark," and the order appealed from provides for child support for only Michael and Christopher.

Evidence is "testimony, writings, material objects, or other things presented to the senses that are offered to prove the existence or nonexistence of a fact." (Evid. Code, § 140.) "Testimony" refers to statements made under oath. (*People* v. *Belton* (1979) 23 Cal.3d 516, 524 [153 Cal.Rptr. 195, 591 P.2d 485].) Thus, attorneys' statements do not constitute evidence. (*Van de Kamp* v. *Bank of America* (1988) 204 Cal.App.3d 819, 843 [251 Cal.Rptr. 530].) Yet, the only information upon which the trial court could base its judgment in this case was contained in the unsworn statements of the district attorney. County offered no evidence, testimonial or otherwise, to prove the disputed allegations of the complaint: separation, ability to pay, and receipt of public assistance. No evidence was introduced to support the income and expense figures fed into the computer. There was no evidence of the amount of the alleged AFDC payments. No evidence at all.

County does not dispute the insufficiency of the evidence, asserting only that Richard waived the contention by failing to object below.[4] According to this theory, Richard should have objected to "the district attorney's statements being considered by the court." But there was no reason for Richard to anticipate the court would improperly "consider" counsel's opening remarks as evidence. Conceding that ordinarily unsworn statements of counsel do not constitute evidence, County nevertheless maintains that "when an attorney reads hearsay evidence in support of a proposed finding into the trial court record, and when those statements do not encounter a specific and timely objection, the statements may constitute sufficient evidence to support the judgment on appeal." County cites no authority for this proposition, nor does the record justify the belated characterization of counsel's remarks as "hearsay evidence." Richard was not required to "insist" (County's word) that County present evidence against him, but only to object to the introduction of inadmissible evidence. As has been noted, County offered no evidence for him to object to.

County cites Evidence Code section 353, subdivision (a) (reversal for erroneous admission of evidence only where record reveals timely objection on specific ground) and several cases which stand for the same well-known principle, all to no avail. What we have here is *not* the erroneous admission of evidence without objection, but insufficient evidence to support the judgment, perhaps because the trial court improperly considered counsel's unsworn statements of "fact" as evidence.

County also asserts the issues Richard raised at trial are not cognizable in an action under Welfare and Institutions Code section 11350. The short

---

[4]Although County refers to the procedure as a "hearing," the record indicates it was an expedited bench trial. Contrary to County's suggestion, Richard did not waive the issue by failing to cross-examine Donna. Any such questioning would have been limited by the scope of her direct testimony (Evid. Code, § 761) to her household and its expenses.

answer is that on appeal Richard has not argued either that he need not reimburse County for fraudulently obtained AFDC benefits, or that the previous "no child support" order precludes reimbursement. Those issues are thus not before us.

Family law calendars, especially district attorney child support calendars, are so large that the system would collapse if every motion or trial on the issue of child support required a full-scale evidentiary hearing. To expedite matters and to minimize conflict, we have previously approved a certain informality in the proceedings. (*In re Marriage of Stevenot* (1984) 154 Cal.App.3d 1051, 1059, fn. 3 [202 Cal.Rptr. 116].) This process now utilized by most California judges hearing these cases, enables the judge to make decisions based upon moving and responding papers with supporting declarations executed under penalty of perjury, supplemented as necessary by offers of proof, and only occasionally by oral testimony.[5] After all, the judge who has reviewed the declarations in advance of the hearing is the only one who knows what additional information he or she needs from counsel or the parties to resolve factual disputes and issue a decision.

However, the virtue of expediting proceedings can never justify what occurred in this case: a decision made where no evidence was presented on issues of disputed, material fact. Informality can go only so far. When it is impossible to tell what is offered as evidence and what is not, it has gone *too* far. Here, there were no sworn declarations, no offers of proof, and no testimony on the disputed factual issues. The trial court's decision was based upon unsworn opening statements of counsel, not upon evidence. It cannot stand.

---

[5] Unlike civil law and motion matters, family law motions (and trials) usually involve factual issues, not issues of law. In the family law area, most courts have adopted local rules to provide for the expeditious handling of these cases. For example, the San Francisco Superior Court local rules specifically address this issue.

San Francisco Superior Court Family Law Rules, rule II, *I* states: "I. Presentation of Evidence at the Hearing. [¶] 1. Declarations Received in Evidence. Counsel shall be prepared to present their cases based upon pleadings, declarations, and by offer of proof. Generally, live testimony by a witness is not permitted. [¶] Subject to legal objection and cross-examination where appropriate (See *Reifler* v. *Superior Court* (1974) 39 Cal.App.3d 479 [114 Cal.Rptr. 356]), all declarations shall be considered received in evidence at the hearing. Direct examination on factual matters will not be permitted except in the Court's discretion in unusual circumstances. The Court may decide contested issues solely on the basis of the application, the response, supporting declarations and memoranda of points and authorities submitted by the parties. [¶] 2. Offer of Proof. [¶] In lieu of testimony an offer of proof may be made during any hearing on the Motion and OSC Calendar, any long cause hearing, or any other hearing or trial at the Court's discretion. An offer of proof is a succinct statement given by counsel that states what a particular witness would say if called to the stand. Offers of proof are subject to the same evidentiary objections as live testimony and should be distinguished and presented separately from argument." (S.F. Super. Ct. Fam. Law Rules, rule II, *I* (1) & (2).)

The judgment is reversed and Richard is awarded costs on appeal.

Peterson, P. J., and Haning, J., concurred.