Filed 6/10/13  Marriage of Sakov and Adut CA1/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| In re the Marriage of JOSHUA SAKOV and ESTER ADUT. | |
| JOSHUA SAKOV, Respondent, v. ESTER ADUT, Appellant; SAN MATEO COUNTY DEPARTMENT OF CHILD SUPPORT SERVICES, Intervener and Respondent. | A131936 (San Mateo County Super. Ct. No. FAM-071155) |

Once again, we are presented with an appeal involving the dissolution of the marriage of Ester Adut and Joshua Sakov.  It is a happening akin to the rites of Spring or the return of the swallows.  Here, appellant Ester Adut, makes several arguments in this appeal.  Appellant contends there was an absence of evidence presented to the trial court to support the amount of income imputed to her and used to determine a modified child support order.  The Attorney General, appearing pursuant to Family Code section 17406 to "represent the public interest in establishing, modifying, and enforcing support obligations," concedes on behalf of intervener and respondent that appellant's claim is clearly meritorious.[1]  While a trial court has authority to impute income to an

---

[1] See Family Code section 17400, subdivision (k), and section 17407.

unemployed parent, the calculation must be supported by substantial evidence.  The case must be reversed and remanded for a proper evidentiary hearing allowing appellant to demonstrate her ability to earn income attributed to her.  The ruling by the trial court commissioner was error and the prejudice requires us to reverse the order appealed.  Because we reverse on this issue, we need not address the numerous other contentions raised by appellant.[2]

## STATEMENT OF FACTS

Appellant and respondent Joshua Sakov became parents to triplets in 1996.  In 2002, Sakov filed for dissolution of the marriage with appellant.  Appellant obtained custody of all three children and Sakov was directed to pay child support in the amount of $1,529 monthly in a January 10, 2007 order.  Enforcement of the January 2007 order was assumed by the San Mateo County Department of Child Support Services (San Mateo DCSS).

On March 2, 2010, San Mateo DCSS filed an order to show cause seeking to modify the January 2007 order.  A hearing was calendared for May 4, 2010.  Appellant's income and expense declaration was filed with the request, and it indicated Adut had been unemployed since August 2008.  Appellant filed a subsequent declaration seeking financial support from Sakov for the cost to send all three children to summer camp (an estimated $4,550 per child), a proportional share of the tuition for private school for each child, and proportional share in the expense for field trips each child may attend.  Respondent answered the request with a declaration arguing the January 2007 support order continue unchanged.  He also filed his own income and expense declaration.

The hearing on May 4, 2010, was transferred to a different judicial officer.  The matter was set for a "long-cause" trial on September 14, 2010.  Appellant attended the May 4 hearing and was ordered by the court to be present for the trial on September 14.

---

[2] This is a most contentious case.  Since 2008, issues in this case have been before us in 10 separate direct appeals and/or writ petitions.  Judicial resources on remand would be wisely spent in resolving legal issues fully and carefully.

The transcript of the May 4 proceeding does not indicate any objection by appellant to the transfer.

On September 14, the department for the trial was unavailable. The matter was continued to October 26, 2010. Counsel for San Mateo DCSS was to issue notice to the parties of the continuance.

It appears Sakov and his attorney were present for the trial on October 26, but appellant was absent. The trial court determined Adut was notified of the trial date in a timely and adequate manner. The attorney for San Mateo DCSS, Sakov's counsel and respondent had discussions regarding Sakov's employment history and his income with the trial court. Sakov's attorney maintained his client had earned $50,000 a month from April 1, 2009, through August 31, 2009, along with additional taxable rental income of $493 per month. Additionally, Sakov had monthly health insurance costs for the children in the sum of $1,011 during this period and had filed his 2009 income tax return as "married, filing separately" with four exemptions. His counsel advised the court Sakov had wages of $13,493 in addition to $900 in unemployment benefits and $493 rental income during the month of September 2009. Between October 2009 and December 2009, Sakov only had unemployment insurance benefits in the monthly amount of $1,950 and monthly rental income of $493.

Counsel for San Mateo DCSS advised the court he assessed initial support calculations for Adut based on an imputed earning capacity for her of $3,750 per month. He reached this amount relying on a 2003 job evaluation of appellant which was the basis for the January 2007 support order. Sakov's attorney maintained it was now appropriate for the trial court to factor in an increase in Adut's imputed earning capacity since the County was relying on an assessment made in 2003. Sakov's counsel asked for a five percent per annum increase in the imputed monthly figure. Counsel for respondent also argued Adut's income and expense declaration filed in support of the increase in support failed to include the second page which was designed to detail her current income situation.

3

Based on these contentions raised by respondent's counsel, the court asked the attorney for San Mateo DCSS if he had any recent evidence concerning Adut's current income, information dealing with her previously owned rental income property, and any other information to answer the issues raised by respondent. The county counsel denied having any additional figures for the court but he did relate a recent conversation with Adut where she told him she was unemployed and wanted the court to consider her current income as zero. The trial court refused to believe her income to be zero and decided it was going to impute a particular earning capacity for Adut, with the issue being what appellant would earn if she sought employment based on the job evaluation developed in 2003.

With a further opportunity to argue, counsel for respondent reiterated his point that the imputed 2003 income for Adut should be increased by five percent per annum to reach a current figure of monthly income. Because Adut had failed to provide evidence she attempted to obtain employment and essentially had been unemployed since 2007, respondent argued the increase should be larger as a penalty.

The trial court proceeded to make several orders regarding the application by Adut. The court eventually determined a pay increase of five percent per year of Adut's imputed monthly income was proper. This increased her imputed income from $3,750 to $5,276 or $63,312 yearly. The court decided this was reasonable in view of appellant's advanced level of education and training.

The trial court ordered the attorney for San Mateo DCSS to calculate a child support schedule after assigning imputed income to Adut in the amount of $5,276 per month. DCSS Counsel was to use that figure in recalculating Sakov's monthly child support as well as a proper date for a monthly payment. The matter was continued to February 16, 2011, for further hearing on child support.

On December 20, 2010, appellant petitioned for a statement of decision based on the rulings of the October 26 hearing, but the court denied her request. The basis for the denial was a statement of decision could only be requested by a party who attended the proceeding, and Adut failed to attend the October hearing.

4

Adut filed objections with DCSS's proposed order. She filed additional objections on December 22, 2010. The trial court filed its formal order based on the October 26, 2010 rulings on March 3, 2011. Adut filed a timely notice of appeal from the March 3, 2011 order on April 29, 2011.

## STANDARD OF REVIEW

We review a decision involving earning capacity in child support cases based on the abuse of discretion standard. (*In re Marriage of Simpson* (1992) 4 Cal.4th 225, 234.) Findings of fact by the trial court in a child support order are reviewed from the substantial evidence standard. (*In re Marriage of Cheriton* (2001) 92 Cal.App.4th 269, 282–283.)

We will generally affirm a child support order except where the trial court abused its discretion and will reverse only if prejudicial error is found based on our review of the record. (*In re Marriage of Rothrock* (2008) 159 Cal.App.4th 223, 229; *In re Marriage of Drake* (1997) 53 Cal.App.4th 1139, 1150–1151.) The abuse of discretion standard serves as a limitation on appellate courts where the trial court made its decision based on substantial evidence and appropriately exercised its discretion. (*In re Marriage of de Guigne* (2002) 97 Cal.App.4th 1353, 1360.)

## DISCUSSION

In this appeal, appellant presents numerous arguments covering an opening brief of 101 pages. In the issue we address here, she alleged the trial court erred by imputing any income to her based on earning capacity when, at the time of the hearing, she was not employed and had exclusive custody of the triplets. Appellant errs when she claims the trial court lacked discretion to impute income to her. Family Code section 4058, subdivision (b), provides the trial court may, in its discretion, consider a parent's earning capacity *in lieu of* that parent's income, when it is consistent with the best interests of the children. Whether earnings may be imputed to a parent who is either unemployed or underemployed is left to the discretion of the trial court. (*In re Marriage of Hinman* (1997) 55 Cal.App.4th 988, 999.) Any contention by appellant contrary to this principle is erroneous.

5

Nevertheless, a review of the record here supports Adut's claim there was no evidence before the trial court supporting the dollar amount imputed to her and used to calculate the modified child support sum. There is simply no evidence, let alone *substantial* evidence, to allow us comfort in the figure decided by the trial court. Consequently, the trial court's order must be reversed and the case remanded for an evidentiary hearing. At that time, Adut should be provided the opportunity to present evidence on her opportunity to be employed and at what income level.

There was no evidence current income or earning capacity was provided to the trial court for a recalculation of modified child support. The only evidence regarding Adut's current situation was her income was zero. While Adut was not present at the hearing, the fact is a party does not need to object at the time of hearing to a judgment that is not supported by evidence to raise the issue on appeal. (*Mundy v. Lenc* (2012) 203 Cal.App.4th 1401, 1406.) Even if there is a failure to object, an appellate court may find insufficiency of the evidence to support the finding. (*Orange County Flood Control Dist. v. Sunny Crest Dairy, Inc.* (1978) 77 Cal.App.3d 742, 761.) "It would be idle to attempt to elaborate the proposition that a failure to object to evidence, or to move for a nonsuit, . . . precludes an appellant from attacking a finding on the ground of insufficiency of the evidence to sustain it." (*First Nat. Bank v. Maryland Cas. Co.* (1912) 162 Cal. 61, 72–73.)

Under current standards, earning capacity is established when a parent has both the ability and opportunity to work. (*In re Marriage of Hinman, supra,* 55 Cal.App.4th 988, 995, fn. 6.) It represents the income a spouse is reasonably capable of earning based on "the spouse's age, health, education, marketable skills, employment history, and the availability of employment opportunities." (*In re Marriage of Simpson, supra,* 4 Cal.4th 225, 234.) Yet, the figures used in this determination cannot be manufactured out of whole cloth or guess work; tangible factual foundations must be referenced. (*In re Marriage of Smith* (2001) 90 Cal.App.4th 74, 82.) Here, respondent must "present competent evidence [the other parent] had both an ability and an opportunity to earn the attributed income." (*In re Marriage of Wittgrove* (2004) 120 Cal.App.4th 1317, 1329.)

6

We do not substitute our judgment for that of the trial court, but we must decide if the trial court reasonably could have made the order that was made. (*In re Marriage of Hinman, supra,* at p. 994; *White v. Marciano* (1987) 190 Cal.App.3d 1026, 1033.)

A review of the record in this matter suggests appellant had the ability to earn income. She earned a bachelor's degree in psychology in 1983, a master's degree in management in 1986, and a law degree from Santa Clara University Law School in 1999. In 2002, she was admitted to the State Bar of California. For 13 years she was employed as a senior financial analyst at United Airlines, from 1988 to 2001. She also had a real estate agent license, and had been employed by Coldwell-Banker selling homes from 2001 to 2004. The 2003 job assessment concluded appellant could work in any of the former fields she worked, or as an entry-level associate attorney. She was found qualified as an unlicensed social service worker based on her psychology degree.

What was missing from the evidentiary hearing was any evidence Adut could earn any amount approaching the sum of $5,276 per month which was the current income imputed to her. The trial court arbitrarily used a five percent per annum increase and applied that to the 2003 imputed income figure for its determination in 2010 of imputed income. Respondent's counsel provided the court no basis Adut had the opportunity to earn this amount per month.

Indeed, there was no evidence presented, especially in light of the economic situation in California in 2010, that it was reasonable to believe Adut would enjoy a five percent salary increase per year from 2003 to 2010. "Here, there were no sworn declarations, no offers of proof, and no testimony on the disputed factual issues. The trial court's decision was based upon unsworn opening statements of counsel, not upon evidence. It cannot stand." (*County of Alameda v. Moore* (1995) 33 Cal.App.4th 1422, 1427, disapproved on other grounds by *Elkins v. Superior Court* (2007) 41 Cal.4th 1337, 1361, fn. 15.) Of course, it may eventually become the decision of the trial court that appellant has engaged in sham when she argues she is unemployable. (*In re Marriage of Regnery* (1989) 214 Cal.App.3d 1367, 1373–1374.) However, we cannot make that conclusion based on the minimal record before us.

7

The March 3, 2011 support order is reversed and remanded for an evidentiary hearing where each side may present evidence on the employment opportunities currently available for a person of appellant's experience and ability, as well as the financial arrangements for such positions. Once this evidence is presented, the trial court can make proper findings to support a legitimate amount of income to impute to appellant.

Each party to bear their own costs.

Appellant's requests for judicial notice are denied.[3]

_____
Dondero, J.

We concur:

_____
Margulies, Acting P. J.

_____
Banke, J.

_____
[3] Appellant's motion for judicial notice filed August 3, 2012, and deferred by this court on August 21, 2012, is denied.

Appellant's motion requesting judicial notice filed April 18, 2013, is denied.

Appellant's request for judicial notice filed April 22, 2013, is denied.